### 74602. MID-AMERICAN ELEVATOR COMPANY, INC.
### v. GEMCO ELEVATOR COMPANY, INC.
(357 SE2d 838)

DEEN, Presiding Judge.

On August 17, 1982, the appellant, Mid-American Elevator Company, Inc., and the appellee, Gemco Elevator Company, Inc., entered into a joint venture agreement for the furnishing, installation, and maintenance of escalators in certain MARTA stations. Mid-American was to furnish the escalators and Gemco was to install and maintain them for a base contract price of $332,000. Performance plans and problems proliferated and escalated to such an extent that in late 1984, Mid-American claimed Gemco owed it $146,965.78, and Gemco claimed that Mid-American owed it an additional $536,069.94 for extra work and materials. The dispute was submitted to an arbitrator, who awarded Gemco $216,273.71. The superior court denied Mid-American's application to vacate or modify the arbitration award, and this appeal followed. *Held*:

Under OCGA § 9-9-93 (b) (3), an arbitration award may be vacated for "[a]n overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made. . . ." Under OCGA § 9-9-94 (b) (1), an arbitration award can be modified where "[t]here was a miscalculation of figures or a mistake in the description of any person, thing, or property referred to in the award. . . ." Mid-American contends that the arbitrator miscalculated the amount of the award by allowing a double credit of $45,706 and by incorrectly determining the number of compensable, additional work hours, and that such miscalculation warranted modification, if not vacation, of the award.

The documentary evidence before the arbitrator included twenty-three invoices for extra work and materials submitted by Gemco, and a spread sheet that delineated necessary extra work at a cost of $45,706. In making his award, the arbitrator disallowed invoices eighteen through twenty-three, on the basis that the charges were duplicative of the approved charges on the spread sheet. The arbitrator vehemently denied that any charges contained in any other invoices also were reflected on this spread sheet, and the superior court ac-

cepted the denial. However, the president and owner of Gemco himself acknowledged that the first fifteen invoices approved by the arbitrator in fact included charges that also appeared on the spread sheet. In short, contrary to the trial court's finding that there was no evidence of any miscalculation, the conclusion is inescapable that some miscalculation did result in the form of a double credit for some of the charges, although not the entire $45,706 as contended by Mid-American.

Gemco stated that the entire project required 20,523 man hours, 10,843 more than originally estimated. The arbitrator concluded that part of the declared extra work, i.e., assembly of the escalators, had to be considered part of the original contract performance, and thus was not compensable as extra work. The arbitrator then applied a perplexing equation to determine the number of hours to disallow. Because the counted invoices reflected a total of 16,310.5 man hours, the arbitrator subtracted the actual extra hours (10,843) from 16,310.5, and then subtracted the difference (5,467.5) from 16,310.5 to obtain the total of 10,843 countable extra hours. In other words, by use of the above inexplicable formula, the arbitrator actually compensated Gemco for all the extra hours claimed, despite holding that not all of the extra hours were compensable.

"The function of the trial court in proceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the purpose of avoiding litigation by resorting to arbitration." *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.,* 176 Ga. App. 232, 236 (335 SE2d 708) (1985). Nevertheless, where mistakes of the magnitude in this case are made, the statutory remedies of modification or vacation of an award should not be ignored. In the instant case, were the partial double credit the only defect of the award, modification perhaps would be feasible. However, we agree with Mid-American that the award must be vacated because the number of countable extra hours was erroneously computed and no basis for determining such a discount appears in the record. In short, there was such an "imperfect execution of the [arbitration] that a final and definite award upon the subject matter submitted was not made. . . ." OCGA § 9-9-93 (b) (3). Both miscalculations may be corrected upon rehearing of the matter. OCGA § 9-9-94 (d).

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 13, 1987 —
REHEARING DENIED MAY 27, 1987 — ▮▮▮▮▮▮▮

*Peter M. Degnan, Geoffrey H. Cederholm III,* for appellant.

R. *Daniel McGinnis*, for appellee.