77521, 77522. MID-AMERICAN ELEVATOR COMPANY, INC. v. GEMCO ELEVATOR COMPANY, INC. (two cases).
(375 SE2d 275)

BIRDSONG, Chief Judge.

These appeals represent the second appellate appearance of this disagreement between Mid-American Elevator Company and Gemco Elevator Company. Mid-American and Gemco entered into a joint venture for installing and maintaining escalators in certain MARTA stations. A disagreement developed as to the amount of reimbursement. The dispute was submitted to arbitration and Gemco was awarded $216,273.71. The superior court denied Mid-American's application to vacate or modify the arbitration award, and appeal to this court followed. In *Mid-American Elevator Co. v. Gemco Elevator Co.*, 183 Ga. App. 88 (357 SE2d 838), this court held that "the award must be vacated because the number of countable extra hours was erroneously computed and no basis for determining such a discount appears in the record. In short, there was such an 'imperfect execution of the [arbitration] that a final and definite award upon the subject matter submitted was not made. . . .' [Cit.] Both miscalculations may be corrected upon rehearing of the matter. OCGA § 9-9-94 (d)." Id. at 89. Thus, this court vacated the award and returned the matter for

---

rehearing so that "[b]oth miscalculations may be corrected. . . ."

After remand, the trial court submitted the matter to the same arbitrator "for the purpose of correcting or otherwise clarifying the two miscalculations. In the event the arbitrator can correct or clarify the miscalculations based upon the existing record, he shall do so within thirty days from the date of this Order."

Without notice to the parties, and without an oral hearing, the arbitrator submitted his explanation and clarification of his two earlier "miscalculations" and his decision to the superior court, which affirmed his findings and entered judgment for Gemco in the amount of $197,853.31. Mid-American now brings this appeal. *Held*:

## Case No. 77521

1. Appellant argues that the trial court erred "in ordering a rehearing limited to the existing record . . . [and] in entering a final judgment based on the arbitrator's 'rehearing' limited to the existing record." To be precise, the trial court did not "order" that the arbitrator's "rehearing [be] limited to the existing record. . . ." It directed "a rehearing . . . for the purpose of correcting or otherwise clarifying the two miscalculations. [And] In the event the arbitrator can correct or clarify the miscalculations based upon the existing record, he shall do so. . . . [But] In the event that the arbitrator cannot, based upon the existing record, correct or clarify the two miscalculations, then a rehearing shall be in [sic] held in accordance with OCGA § 9-9-88."

This court in the first appeal of *Mid-American*, supra, "vacated" the award on the basis that there was "such an 'imperfect execution of the [arbitration] that a final and definite award upon the subject matter submitted was not made . . .'" and these "miscalculations may be corrected upon rehearing." 183 Ga. App. at 89. Four findings of this court are predominant: (1) the entire award was "vacated," (2) there was "imperfect execution of the [arbitration]," (3) "upon the subject matter submitted . . ." (4) "upon rehearing . . ." the "miscalculations may be corrected." Secondly, the trial court's directive to the arbitrator was in the alternative: (1) if you can correct or otherwise clarify these miscalculations on the existing record, you may do so, or (2) if you cannot, based on the existing record, then hold a *full* rehearing. Joint consideration of these directives reveals a conflict. Whereas this court envisioned a *full* rehearing because of "imperfect execution of the [arbitration]" procedure "upon the subject matter submitted," the trial court authorized what it called a rehearing "upon the existing record" if the arbitrator could "correct or otherwise clarify these miscalculations. . . ." Such revision, in camera, on the existing record, failed to provide either party the opportunity to

submit briefs or evidence, and in effect was not a full "rehearing" envisioned by this court. It amounted to nothing more than a revision of the award and an explanation of how the new decision was reached. Hence, at issue is whether either party to arbitration has a right to submit a brief, and/or evidence, upon a rehearing directed by an appellate court.

We must start our analysis of this problem from the fact that the award has been vacated and a "rehearing" directed by this court. Generally, where the award is set aside or vacated on appeal, the entire matter is reopened and the issues must be redetermined. See 5 AmJur2d 659-660, Arbitration & Award § 189; 6 CJS 443, Arbitration § 169 (c); Anno. 75 ALR3d 132, 144 (3) (a). A "rehearing" before a factfinder (arbitrator) is not the same as a rehearing before a judge or an appellate court, even though in these instances the parties are authorized to submit briefs.

Our Code provides that "[t]he parties are entitled to be heard; to present pleadings, documents, testimony, and other matters; and to cross-examine witnesses." OCGA § 9-9-8 (b), as amended. Of course, this section applies to the original hearing, but it is indicative of the rights of the parties in resolving issues before the arbitrator, a factfinder. If such right exists as to the original hearing, and this court vacates the award and returns the matter for a "rehearing," do the parties retain similar rights? We have found no case, domestic or foreign, on this issue. But, our Code does authorize the trial court, "[u]pon vacating an award, the court may order a rehearing and determination *of all or any of the* issues either before the same arbitrators. . . ." (Emphasis supplied.) OCGA § 9-9-13 (e) as amended. Thus, even though the entire award has been vacated, the Code permits the rehearing to be restricted to "any of the issues. . . ." Hence, we find no error in the trial court restricting the arbitrator to the two issues found fatal to the earlier award by this court, but we find error in the trial court authorizing the arbitrator to issue a new award *on the record before him,* which denies both parties to the new "hearing" directed by this court, the right to submit evidence relevant to such issues, and briefs in support of their position. Accordingly, we hold it was prejudicial error for the trial court, in response to the judgment of this court vacating the original award for " 'imperfect execution of the [arbitration] . . . upon the subject matter submitted" and directing a "rehearing," to authorize the arbitrator to recompute his former award on the basis of the evidence before him, without permitting either party to submit additional evidence and/or a brief, if desired.

*Case No. 77522*

2. Because we have reversed the judgment of the trial court, the award must be vacated and resubmitted to the same or another arbitrator, and a hearing held on the issues certified to the arbitrator. Thus, the enumerated errors complaining of incorrect calculation by the arbitrator on rehearing can be addressed to the arbitrator in the rehearing.

*Judgments reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 3, 1988.

*Alston & Bird, Peter M. Degnan, Geoffrey H. Cederholm III,* for appellant.

*Lokey & Bowden, Daniel McGinnis, Peter K. Kintz,* for appellee.