A89A2313. SAYLER MARINE CORPORATION v. DIXIE METAL COMPANY.
(392 SE2d 45)

COOPER, Judge.

This appeal is from the confirmation by the superior court of an arbitrator's award in a construction contract dispute. Submitted to arbitration were appellee subcontractor's claims against appellant general contractor relating to a contract for construction of a warehouse. After an extended hearing and discussion of the case, the arbitrator made several awards in favor of appellee, including an interest award calculated from March 1, 1986, to the date of the award totalling $30,699.58. Appellant's sole enumeration of error is that the superior court erred in confirming the interest award.

1. The contract at issue describes the "Work" to be performed thereunder as including the provision by appellee of a "water tightness bond" covering the building. Final payment under the contract is due when the "Work," as described therein, is "fully completed." Any payments not paid when due are to bear interest from the date payment is due at the legal rate prevailing at the location of the warehouse. Thus, the contract clearly requires a bond from appellee before the "Work" can be "fully completed," before payment is due and before interest can begin to run. In his award, the arbitrator indicated that a bond had been "proposed." From the record submitted to us, we cannot determine whether the requirement for a bond as stated in the contract (as opposed to a bond meeting certain requirements suggested by the arbitrator) has in fact been satisfied, such that the "Work" can be deemed completed. It appears to us that the arbitrator did determine from the evidence presented that the actual construction work and necessary roof repair had been substantially com-

pleted. However, by awarding interest, the arbitrator indicated that he considered all the "Work" to be fully complete. Without a specific finding as to whether the requisite bond under the contract was submitted, we cannot determine if the arbitrator overstepped his authority or imperfectly executed his authority in awarding interest. OCGA § 9-9-13.

2. Furthermore, the arbitrator ruled that interest should begin to run on March 1, 1986. There is no evidence in the record before us or in the arbitration award to support the arbitrator's conclusion that March 1, 1986, is an appropriate date on which to begin the computation of interest. Again, without sufficient support in the record for the use of this particular date, we cannot determine if the interest award was within the arbitrator's authority. Accordingly, we remand to the superior court for action not inconsistent with the decision of this court and the provisions of OCGA § 9-9-13. See *West v. Jamison*, 182 Ga. App. 565 (356 SE2d 659) (1987) and *Jamison v. West*, 191 Ga. App. 431 (382 SE2d 170) (1989).

3. Appellee's motion for damages for a frivolous appeal is denied. Appellant's enumerations are not "so specious as to warrant the conclusion that this appeal was taken for the purpose of delay only." *Ale-8-One of America v. Graphicolor Svcs.*, 166 Ga. App. 506 (10) (305 SE2d 14) (1983).

*Judgment vacated and case remanded with direction. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 13, 1990.

Hunter, MacLean, Exley & Dunn, Robert S. Glenn, Jr., Douglas M. Muller, Wade W. Herring II, for appellant.

Peterson, Young, Self & Asselin, Gregg E. Bundschuh, for appellee.