A90A0097. CITY OF COLLEGE PARK v. BATSON-COOK COMPANY.<br>(395 SE2d 385)

COOPER, Judge.

This appeal is from an order denying appellant's motion to vacate or modify an arbitration award and granting appellee's motion to confirm the award. The sole enumeration of error is that the arbitration panel overstepped its authority in making the award.

In April 1984, appellant and appellee entered into a guaranteed maximum cost contract for the construction of a convention center to

be completed in March 1985. The contract was an American Institute of Architects Standard Form of Agreement between Owner and Contractor, which included an arbitration clause requiring all claims and disputes between the contractor and owner to be decided by arbitration. The contract provided, in relevant part, that the guaranteed maximum cost to the owner would not exceed the sum of $9,406,000; that costs in excess of the guaranteed maximum cost would not be reimbursed; that changes in the contract sum could be changed only by change order, which is a written order to the contractor signed by the owner and the architect, issued after the execution of the contract, authorizing a change in the work or an adjustment; and, that if the contractor wished to make a claim for an increase in the contract sum, written notice should be given to the architect within 20 days after the occurrence of the event giving rise to such claim. After the project was substantially completed, appellee originally submitted a claim for an increase in the project cost of approximately 1.4 million dollars over the guaranteed maximum cost. When the claim was denied, appellee filed a demand for arbitration claiming over 1.2 million dollars in excess costs. Appellant filed a declaratory judgment action in the Superior Court of Troup County on the ground that the dispute was not subject to the arbitration clause of the contract. That court denied appellant's request for declaratory relief, concluding that the claim was subject to arbitration, and the Supreme Court of Georgia affirmed without opinion.

At the arbitration hearing, appellant argued that the increase should not be allowed because appellee did not comply with the terms of the contract requiring that written notice be given of any claim for an increase in the contract sum and the requirement that change orders be submitted. Appellee presented evidence that all changes which increased the project cost were made by authorized officials of appellant and that appellant agreed to wait until the project was completed to resolve the increases and further argued that appellant waived the requirement regarding the submission of change orders. The arbitration panel awarded appellee slightly less than the full amount claimed in the increase, and the award was appealed to the Superior Court of Fulton County. The trial court, after examination of the record, confirmed the award, finding that it was within the range of the evidence and that there was no evidence that the terms of the contract or the applicable law were ignored by the arbitrators.

The Supreme Court of Georgia having determined that appellee's claim was properly the subject of arbitration, we address appellant's argument that the trial court erred in failing to vacate the award because the award was manifestly against applicable law and the arbitrators overstepped their authority in making the award. OCGA § 9-9-93 (b) (3) provides that an arbitration award shall be vacated if the

court finds that the rights of the party making the application were prejudiced by "an overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made." Appellant argues that the arbitrators overstepped their authority by ignoring the provisions of the contract regarding the giving of written notice of increases in the contract sum and the submitting of authorized change orders. "The function of the trial court in proceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the purpose of avoiding litigation by resorting to arbitration." *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232 (4) (335 SE2d 708) (1985). The dispute between the parties involved the meaning, interpretation and application of certain terms of the contract and these were matters for the arbitrators to determine. See *United Steelworkers of America v. American Mfg. Co.*, 363 U. S. 564, 567-569 (80 SC 1343, 4 LE2d 1403) (1960); *ADC Constr. Co. v. McDaniel Grading*, 177 Ga. App. 223 (3) (338 SE2d 733) (1985). The arbitrators having resolved the dispute in favor of appellee, the trial court considered the record of the arbitration proceedings and determined that neither the contract terms nor the applicable law had been ignored by the arbitrators. Our review of the record reveals no error in the trial court's ruling.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990.

*Glaze, Fincher & Bray, George E. Glaze, Gary H. Brakefield*, for appellant.

*Glover & Davis, J. Littleton Glover, Jr.*, for appellee.