### A93A1837. MARTIN et al. v. ROCCORP, INC.
(441 SE2d 671)

POPE, Chief Judge.

This case arises from a contract for the sale of most of the assets of A & W Pet Care Products to Petscription, Inc. ("purchaser") by agreement dated December 29, 1987. As part of that agreement, the purchaser agreed to pay E. Thomas Martin and Rob R. Adams, Jr., certain sums in consideration for their agreement not to compete for a period of ten years. The agreement also contained an arbitration clause and a clause providing that the agreement should be construed in accordance with the laws of the State of Georgia. That agreement was subsequently modified several times by the parties in the manner provided by the agreement. One modification, a document titled "Purchase Agreement & Supply Contract Modification" (the "modification"), substituted RocCorp, Inc. as the purchaser. Disputes later arose between the parties to this litigation concerning the effect of this modification on the agreement.

The disputes were submitted for arbitration, with Adams and Martin asserting a breach of contract claim against RocCorp, and RocCorp submitting a claim for damages for alleged non-compete violations by Martin and Adams. After the arbitration hearing, the arbitrator issued an award ordering RocCorp to pay Adams and Martin a certain sum plus interest on their breach of contract claim, to be paid in accordance with the formula set forth in the arbitration award, and ordering Martin and Adams to pay RocCorp $75,990 for damages on RocCorp's claim based on violations of the non-compete clause. Adams and Martin filed a motion in Gwinnett Superior Court to vacate the award. This appeal follows the denial of their motion.

Adams and Martin argue the superior court should have set aside the award of the arbitrator because the arbitrator considered parol evidence and in so doing ignored Georgia law concerning contract construction. They further argue that because the arbitrator over-

stepped his authority by ignoring applicable Georgia law concerning contract construction, they are entitled to vacation of the award of the arbitrator pursuant to OCGA § 9-9-13 (b) (3).

We do not agree. In reviewing the trial court's order in this case we are mindful that "[t]he function of the trial court in proceedings to confirm or vacate an arbitration award should be severely limited in order not to frustrate the purpose of avoiding litigation by resorting to arbitration." *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (1985). Assuming the choice of law provision in the agreement should be construed as a restriction on the arbitrator that he must adhere to the construction of contract rules applicable in Georgia as Martin and Adams argue, Georgia law provides that " '[t]he construction [that] will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part.' OCGA § 13-2-2 (4)." *Caribbean Lumber Co. v. Anderson*, 205 Ga. App. 415, 417 (2) (422 SE2d 267) (1992). The argument advanced by Adams and Martin that "[u]nder the plain and unambiguous meaning of the words of the . . . agreement RocCorp, Inc. is obligated to pay to [Martin and Adams] 5% of the first $510,417 of the annual net sales of RocCorp, Inc. for the specified nine-year period," ignores that rule of construction.

Although we agree with Martin and Adams that the language of the agreement is not ambiguous, paragraph 8 of the agreement cannot be read in a vacuum as they urge. That paragraph is titled "Payment for Non-Competition." It must be read with paragraph 7 of the agreement, titled "Non-Competition," which provides that Martin and Adams will not compete with the purchaser for a period of ten years with regard to the pet care products listed in Attachment # 1. In paragraph 8, the purchaser agrees to pay to Martin and Adams in consideration for their agreement not to compete as outlined in paragraph 7 the following amounts:

"A. For a period of twelve (12) months commencing with the closing date, 2½ % of the net sales of PURCHASER on the first $512,500 of *such* sales during said twelve month period.

"B. For a period of one hundred eight (108) months commencing twelve months and one day after closing, 5% of the net sales of PURCHASER on the first $510,417 of *such* sales in each calendar year." (Emphasis supplied.)

When the language of paragraph 8 is construed in conjunction with paragraph 7, the intent of the payment provision in paragraph 8 is clear: the non-competition payments required by paragraph 8 shall be made from the proceeds realized from the sale of those products listed in Attachment # 1 (which were initially sold to Petscription, Inc.), up to a certain maximum amount each year.

The arbitrator reached the same conclusion in his award. It provides in pertinent part "[o]n [Martin's and Adams'] claim for damages for breach of contract, RocCorp, Inc. shall pay to each claimant, E. Thomas Martin and Rob R. Adams, Jr., five percent (5%) of the net sales of any . . . RocCorp products in which the product registrations have the word 'Petscription' in them; in which sales have been made using the 'Petscription' name or trademark in the advertising; or which have the word 'Petscription' in the name or the label. These payments are to be based on the net sales of such products sold in each calendar year from and after October 1, 1989 thru the termination of the obligations continuing in Section 8B of the Purchase Agreement dated December 29, 1987. The total net sales of such products . . . shall for the purpose of calculating the five percent (5%) payment, not exceed $510,417.00 in each calendar year." Thus, regardless of whether the arbitrator exceeded his authority by considering parol evidence in this case, the superior court correctly refused to vacate the decision of the arbitrator, because when the rules applicable to contract construction are applied in this case, the arbitrator's decision is correct. Neither Martin nor Adams suffered harm or prejudice as the result of the arbitrator's alleged error and they are not entitled to vacation of the award pursuant to OCGA § 9-9-13. *Bartlett v. Dimension Designs, Ltd.*, 195 Ga. App. 845 (3) (395 SE2d 64) (1990). This court will affirm the judgment of a superior court if it is right for any reason.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 6, 1994 —
RECONSIDERATION DENIED FEBRUARY 25, 1994.

*R. Mansell McCord, Jr., Carl V. Kirsch*, for appellants.
*Shapiro, Fussell, Wedge & Smotherman, Seth R. Price*, for appellee.