## A96A1930. HOOD et al. v. GARLAND.
(476 SE2d 827)

BEASLEY, Chief Judge.

Harold Garland filed this complaint for damages against Lovett Hood, Jr., M. Gerard Hood, Phillip Hood, and Zenobia Kennebrew. Plaintiff alleged that he and the Hood defendants entered into a partnership to operate a liquor store but through conspiracy and fraud they deprived him of his partnership interest. Plaintiff sought to recover his partnership interest, which he valued at $28,000, as well as unpaid utility bills, certain personal property, and attorney fees.

Defendants answered and filed a counterclaim seeking to recover damages for fraud and misrepresentation, conversion of personal property, breach of the partnership agreement, attorney fees, and punitive damages.

Based on an arbitration clause in the partnership agreement,

---

defendants moved to stay the litigation and compel plaintiff to submit his claims to arbitration. By consent order, the litigation was stayed pending arbitration, and unrecorded arbitration hearings were held. The arbitrator entered an award finding that the Hood defendants are jointly and severally liable to pay Garland the sum of $24,995.76 and that Kennebrew has no liability. The arbitrator denied the defendants' counterclaim, as well as the parties' claims for interest and attorney fees, in their entirety. The award states that it is in full settlement of all claims and counterclaims submitted.

Defendants filed a request for modification of the award on the ground that it "is obviously a calculated figure [and] claimants are entitled to review the calculations with specific findings for correctness and/or possible challenge." The arbitrator denied the request.

On motions by the plaintiff for confirmation of the award and by the defendants to vacate the award, the trial court entered an order remanding the case to the arbitrator for written clarification supporting the award of damages to plaintiff. The arbitrator stated that he would comply provided certain monies were advanced to defray costs plus a sum still due and owing from the original proceeding. Following another judicial hearing, the court entered an order concluding that to require the arbitrator to comply with defendants' requests for clarification of the award would be contrary to the rule that the arbitrator is not required to enter written findings of fact in support of an award. The court therefore rescinded its earlier order and confirmed the award.

Defendants contend that the court erred by denying their motion to vacate the arbitration award under OCGA § 9-9-13 (b) (2) and (3). OCGA § 9-9-13 (b) provides that "[t]he award shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by: . . . (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; . . ."

1. There is no merit in defendants' argument that the award should have been vacated under § 9-9-13 (b) (2), as there is no evidence of any partiality.

2. Defendants argue that the award should have been vacated under subsection (b) (3), because it was not a final and definite award upon the subject matter submitted.

As recognized by the trial court, it is undisputed that certain issues not raised in the pleadings were submitted for arbitration (i.e., back pay for plaintiff, whether or not plaintiff was in fact a partner, arguments regarding loans). However, it is obvious from the award

that the arbitrator resolved all of the monetary issues and found that plaintiff was a partner. We cannot say that a final and definite award upon the subject matter submitted for arbitration was not made. "[T]he Arbitration Code does not require that an arbitrator enter written findings of fact in support of an award; nor does the Code require an arbitrator to explain the reasoning behind an award." (Emphasis and footnote omitted.) *Greene v. Hundley*, 266 Ga. 592, 595 (2) (468 SE2d 350) (1996).

To the extent that defendants challenge the award based on factual assertions in their brief not appearing on the record, the challenges cannot be considered. *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164 (2) (464 SE2d 259) (1995). Even if defendants' factual assertions were supported by the record, "a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Greene*, supra at 596-597 (3).

The court did not err in confirming the award, as none of the statutory grounds for vacating the award has been met. See *Greene*, supra.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 2, 1996.

*Rodney L. Eason*, for appellants.
*Don H. Taliaferro*, for appellee.