A96A1701. BANDERAS et al. v. DOMAN.
(480 SE2d 252)

BLACKBURN, Judge.

Julio C. Banderas, M.D. ("Banderas") appeals the trial court's order denying his motion to vacate an arbitration award. Because the arbitrators validly exercised their authority in rendering the award, the trial court's order is affirmed.

In January 1991, Banderas agreed to sell his medical practice to Alexander Doman, M.D. ("Doman"). In connection with this transaction, the parties executed an Asset Purchase Agreement and certain other ancillary agreements. The Asset Purchase Agreement contained an arbitration provision which provided in relevant part as follows: "Should any dispute arise as to the interpretation, meaning or the intent of this Agreement . . . or should any dispute arise as to any alleged misinterpretations or transgressions by one party to another . . . then such dispute shall be expeditiously decided by arbitration, in Georgia, and the result of such arbitration shall be binding on the parties."

Shortly after entering into the agreements, various disputes arose between the parties. Banderas claimed that Doman failed to pay money owed to Banderas under the agreements. Doman claimed that Banderas breached various provisions of the agreements by, among other things, improperly exercising self-help remedies following Doman's alleged default. Doman demanded that the disputes be arbitrated, but Banderas refused to agree to arbitration. Doman then filed suit for breach of contract and asked the trial court to compel the parties to submit to binding arbitration. The trial court entered an order requiring the parties to submit their disputes to binding arbitration.

In addition to his claims for breach of contract, Doman raised before the arbitrators claims of tortious interference with Doman's medical practice. Although Banderas argued that these tort claims were not subject to arbitration, the arbitrators issued a written order finding that they had authority to consider such claims. On December 6, 1994, the arbitrators issued a formal decision, finding that Doman owed $155,009 to Banderas, and that Banderas owed $845,602 to Doman. The arbitrators subsequently issued an additional award granting attorney fees and punitive damages to Doman.

Banderas moved the trial court to vacate or, in the alternative, modify the arbitrators' award. The trial court denied the motion to

vacate, but partially granted the motion to modify by setting aside the award of punitive damages. Banderas now appeals the trial court's denial of his motion to vacate the award.[1]

The Georgia Supreme Court has recently held that OCGA § 9-9-13 (b) sets forth the exclusive grounds upon which an arbitration award may be vacated. *Greene v. Hundley*, 266 Ga. 592, 595-596 (468 SE2d 350) (1996). In each of his enumerations of error, Banderas argues that the award should be vacated pursuant to OCGA § 9-9-13 (b) (3) ("[a]n overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made").

1. Banderas asserts that the arbitrators overstepped their authority in considering Doman's tortious interference claims, because such claims were outside the scope of the arbitration agreement. Banderas claims that the parties intended the arbitration provision to extend only to breach of contract claims, and not to tort claims.

Banderas' argument is without merit. The arbitration provision in the Asset Purchase Agreement is not expressly limited to claims of breach of contract, but covers all disputes arising as to "the interpretation, meaning or the intent of this Agreement or . . . as to any alleged misinterpretations or transgressions by one party to another." Whether tort claims were intended to be covered by the arbitration provision is a dispute over the "interpretation, meaning or the intent" of the agreement, a matter which is clearly within the scope of the arbitrators' authority. As the arbitrators' finding that the tort claims were covered by the arbitration provision was within the scope of their authority, the arbitrators did not overstep their authority in ruling on such claims.[2]

2. Banderas also argues that because the arbitration agreement was not intended to cover tort claims, the arbitrators' consideration of such claims amounted to forced arbitration, depriving him of his right to jury trial and due process under the United States and Georgia constitutions. However, as discussed in Division 1, supra, the arbitrators found that the arbitration provision did in fact extend to tort claims. As this finding was within the scope of the arbitrators' authority, it will not be disturbed on appeal, and this enumeration is without merit.

---

[1] Doman does not appeal the trial court's order setting aside the award of punitive damages.

[2] In his brief, Banderas also argues that Doman waived his right to arbitrate the tort claims by not asserting such claims in his original complaint seeking to compel arbitration. However, as this issue was not contained in Banderas' enumerations of error, it will not be considered on appeal. *West v. Nodvin*, 196 Ga. App. 825, 830 (4) (397 SE2d 567) (1990).

3. The arbitrators' award to Doman separately identified several items of damages, including (i) $210,000 in liquidated damages for breach of the restrictive covenant and non-solicitation provisions of the Asset Purchase Agreement, (ii) $37,680 for certain services rendered, and (iii) $500,000 in "general damages for breach of contract and for tortious interference with business and professional practice." Banderas argues that these separate awards are duplicative, and that this constitutes grounds for vacating the award under OCGA § 9-9-13 (b) (3).

"[A] reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Greene*, supra at 596-597. Therefore, this Court cannot examine the record before the arbitrators to determine whether the evidence supported the separate items of damages. The arbitrators' award does not show on its face that these separate items are duplicative, and, accordingly, Banderas' argument is without merit.

Banderas' principal assertion is that the award of $210,000 in liquidated damages precludes the separate award of other items of damages. However, the liquidated damages provision of the Asset Purchase Agreement did not purport to liquidate damages for any and all breaches of the agreements, but was limited to breaches of the restrictive covenant and non-solicitation provisions. The separate award of $37,680 does not appear to have been intended as damages for breach of these provisions, but as compensation for services rendered. Thus, on its face, such damages do not appear to be duplicative of the liquidated damages award.

The $500,000 award for "general damages for breach of contract and for tortious interference with business and professional practice" also does not appear on its face to be duplicative of the other items of damages. The arbitrators found that Banderas breached the Asset Purchase Agreement "in several ways." It appears that the $500,000 in general damages consisted of damages for breach of contract other than those separately provided for in the arbitrators' decision, as well as damages for tortious interference. While it may have been preferable for the arbitrators to have separately identified damages for each tort and contract claim, they were under no statutory obligation to do so.

Since it does not appear on the face of the arbitrators' award that the separate items of damages were duplicative, we find that the arbitrators did not overstep or imperfectly execute their authority in awarding such damages.[3]

---

[3] This Court's holding in *Mid-American Elevator Co. v. Gemco Elevator Co.*, 183 Ga.

4. Banderas argues that the arbitrators overstepped their authority in awarding liquidated damages to Doman, because the liquidated damages provision of the Asset Purchase Agreement is void as a penalty. However, the construction of the liquidated damages provision was a matter for the arbitrators to determine. See *City of College Park v. Batson-Cook Co.*, 196 Ga. App. 138, 140 (395 SE2d 385) (1990). "The fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." OCGA § 9-9-13 (d). Furthermore, an arbitrator has the "inherent power to fashion a remedy as long as the award draws its essence from the contract or statute." (Punctuation omitted.) *Greene*, supra at 595.

Additionally, liquidated damages provisions are not per se illegal or unenforceable in Georgia. Rather, they are enforceable if the injury caused by the breach of contract is difficult or impossible to estimate, the parties intend to provide for damages, and the sum stipulated is a reasonable pre-estimate of the probable loss. *Wehunt v. ITT Bus. Communications Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d 383) (1987); see also OCGA § 13-6-7. In the present case, the arbitrators did not set forth their reasons for finding the liquidated damages provision to be enforceable, and they are not required to do so. *Greene*, supra at 595. This Court will not examine the evidence to determine whether the arbitrators correctly applied Georgia law in making an award of liquidated damages. Therefore, this enumeration is without merit.

5. Finally, Banderas argues that the evidence did not support the arbitrators' finding that his actions constituted tortious interference. Because a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, this enumeration is without merit. *Greene*, supra at 596-597.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 7, 1997 — 

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Ste-*

App. 88 (357 SE2d 838) (1987), does not demand a different result. In that case, the Court vacated an award pursuant to OCGA § 9-9-13 (b) (3), where the evidence clearly showed, and the appellee admitted, that certain invoices were counted twice by the arbitrator in determining the amount of damages. The Court held that, in such case, there was "such an 'imperfect execution of the (arbitration) that a final and definite award upon the subject matter submitted was not made.'" Id. at 89. However, that case was decided before *Greene*, which finally established that a reviewing court is prohibited from weighing the evidence submitted to the arbitrator, regardless of whether there is any evidence to support the award. *Greene*, supra at 596-597.

*phen E. Boswell, Steven C. Teske,* for appellants.
*Kilpatrick & Cody, Alan R. Perry, Jr., Weinstock & Scavo, Michael Weinstock,* for appellee.