### A98A0589. HADDON et al. v. SHAHEEN & COMPANY.
(499 SE2d 693)

BIRDSONG, Presiding Judge.

Appellants James P. Haddon, Packaging Atlanta Corporation and Instant Box, Inc. appeal from the final order of the state court confirming a settlement award pursuant to OCGA § 9-9-12.

This appeal arises from a suit for breach of contract and negligence. Appellants filed a motion for summary judgment which was denied. Subsequently, by request of the parties, the trial court entered an order sending the matter to binding arbitration. The arbitrator awarded appellee/plaintiff, Shaheen & Company, an award of $29,457.57 in principal and $2,970.75 attorney fees. Appellant/defendant Packaging Atlanta Corporation moved to vacate the award pursuant to the provisions of OCGA § 9-9-13 (b) (1) and (3). The trial court entered an order confirming the arbitration award and denying the motion to vacate. Appellants enumerate three errors. *Held*:

1. Appellants enumerate that the trial court erred in confirming the arbitrator's award because it was corrupt within the meaning of OCGA § 9-9-13 (b) (1) and because the arbitrator overstepped his authority within the meaning of OCGA § 9-9-13 (b) (3). OCGA § 9-9-13 (b) pertinently provides that: "The award shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by: (1) Corruption, fraud, or misconduct in procuring the award; [or] . . . (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made. . . ." "The Georgia Arbitration Code 'shall apply to all disputes in which the parties thereto have agreed in writing to arbitrate and shall provide the exclusive means by which agreements to arbitrate can be enforced.' By its enactment, the Arbitration Code repealed common law arbitration in its entirety, and it must, therefore, be strictly construed." *Greene v. Hundley*, 266 Ga. 592, 594 (1) (468 SE2d 350). An arbitration award, pursuant to the Georgia Arbitration Code, may be vacated only if one or more of the four statutory grounds set forth in OCGA § 9-9-13 (b) is found to exist. Id. at 592. "The Arbitration Code requires a trial court to confirm an award upon the timely application of a party to the award, unless one of the statutory grounds for vacating or modifying the award is estab-

lished." Id. at 595 (1). Thus, the power of a court to vacate an arbitration award has been *severely limited* in order not to frustrate the legislative purpose of avoiding litigation by resort to arbitration. See id.

(a) Appellants enumerated that the state court erred in confirming the award as it was entered in violation of OCGA § 9-9-13 (b) (1), specifically asserting that appellants' rights were prejudiced by corruption in procuring the award because no provision of the lease allowed the awarding of attorney fees and that therefore the award for attorney fees was invalid. In an attempt to fit their contention within the limited scope of OCGA § 9-9-13 (b) (1), appellants list numerous dictionary definitions (see generally OCGA § 1-3-1 (c)) of the word "corrupt" in their appellate brief; we find unpersuasive appellants' argument that mere lack of evidence of a lease provision authorizing attorney fees would support a holding that appellants' rights were prejudiced by "corruption" in procuring the award. "Corruption" has several ordinary meanings depending on the context in which the word is used; one of these broad meanings is that of a "corrupt or dishonest proceedings." Webster's Encyclopedic Unabridged Dictionary. The context in which the word "corruption" is used by the legislature in promulgating OCGA § 9-9-13 (b) reveals that the word was intended to connote a "corrupt or dishonest proceedings." This is apparent from the associated acts described in OCGA § 9-9-13 (b) (1) and from the context in which such words of description are used. See *Thomas v. MacNeill*, 200 Ga. 418, 424 (37 SE2d 705) (meaning of statutory clause depends upon the intention with which it is used as manifested by its context and considered with reference to the subject matter to which it relates); *Odum v. Union City &c. Auth.*, 251 Ga. 248, 255 (305 SE2d 110), citing *Mott v. Central R.*, 70 Ga. 680, 683 (which applied the familiar rule of construction of noscitur a sociis — meaning of a word is or may be known from accompanying words — to ascertain "the precise meaning of words from others with which they are associated and from which they cannot be separated without impairing or destroying the evident sense they were designed to convey in the connection used"). OCGA § 9-9-13 (b) (1) requires the granting of an application to vacate an arbitration award, made by a proper party applicant, if the court finds that rights of that party were prejudiced by the associated acts of "corruption, fraud, or misconduct" in the procurement of the award. When these associated acts are viewed in context it is clear that the legislature intended that the "corruption" required to vacate an award is an act of undue means or malconduct rendering the proceedings tantamount to being dishonest, that is: "An act done with an intent to give some advantage inconsistent with official duty and the rights of others"; or "[t]he act of an official . . . who unlawfully or wrongfully uses his station or character to procure some benefit for himself or

for another person, contrary to duty and the rights of others." Black's Law Dictionary (5th ed.) (corruption defined). Appellants have failed to carry their burden of establishing the award was in violation of OCGA § 9-9-13 (b) (1). "Nothing on the face of the arbitration award appears to be the result of corruption, fraud, or misconduct." *Greene*, supra at 596. We find no evidence of corruption, or of any other ground specified in OCGA § 9-9-13 (b) (1), to warrant vacating the arbitration award. Appellants' first enumeration of error is without merit.

(b) OCGA § 9-9-13 (b) (3) pertinently provides that: "(b) The award shall be vacated . . . if the court finds that the rights of that party were prejudiced by: (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made." Appellants have enumerated that the state court erred in confirming the award as it was entered in violation of OCGA § 9-9-13 (b) (1). Specifically, appellants contend that "[s]ince this case involved unliquidated damages the award of interest was improper and exceeded the scope of authority of the arbitrator and is corrupt and should be vacated pursuant to *Greene*, supra," and that "[t]here being nothing in the contract to allow for this interest, the decision of the arbitrator is corrupt as to this and additionally the arbitrator overstepped his authority as set forth in the contract." "Overstepping" like the other grounds for vacating arbitration awards is very limited in scope. See generally Yarn, Alternative Dispute Resolution (2nd ed.), § 8-53. "Overstepping" has been described as "addressing issues not properly before the arbitrator." *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 670 (452 SE2d 188); but cf. *Martin v. RocCorp, Inc.*, 212 Ga. App. 177, 178 (441 SE2d 671). In *Banderas v. Doman*, 224 Ga. App. 198, 200 (3) (480 SE2d 252), this Court held that because an arbitrator's award did not appear on its face to award duplicative items of damages, the arbitrators did not overstep or imperfectly execute their authority.

The authority of courts to review an award, pursuant to a motion to vacate, is very limited; courts cannot inquire into the merits of an arbitrable controversy; arbitrators are free to award on the basis of broad principles of fairness and equity; and an arbitrator need not make findings or state the reasons in support of the award. Compare *Greene*, supra at 595 (2) & (3); *Banderas*, supra at 200 (3); see generally Yarn, supra. In reviewing a motion to vacate, appellate courts cannot make determinations as to the sufficiency of the evidence, as such judicial intervention "would only frustrate the purpose of arbitration." *Greene*, supra at 597 (3). "The prohibition against considering the sufficiency of the evidence as grounds for vacating an arbitration award is unconditional. Therefore, a reviewing court is

prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, *or even any evidence*, to support the award." (Emphasis supplied.) Id. at 596 (3). In essence, appellants importune this Court, under the veiled claim of "overstepping," to determine whether there exists any evidence to support the arbitrator's award of interest; this we cannot do. Id.; compare *Banderas*, supra at 201 (4) (declining to examine the evidence to determine whether arbitrators correctly applied Georgia law in making an award of liquidated damages).

*Sayler Marine Corp. v. Dixie Metal Co.*, 194 Ga. App. 853, 854 (2) (392 SE2d 45) has been overruled sub silentio, by *Greene*, supra, to the extent it purports to vest appellate courts with authority to weigh evidence or determine evidence sufficiency when reviewing arbitration awards. *Kuhl v. Shepard*, 226 Ga. App. 439 (487 SE2d 68), where the arbitration award was never confirmed, is distinguishable. Also distinguishable is *Walton Acoustics v. Currahee Constr.*, 197 Ga. App. 659 (399 SE2d 265), rev'd on other grounds, *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561, 562 (1) (422 SE2d 918), where overstepping was found because the arbitrator awarded attorney fees contrary to the statutory provisions of OCGA § 9-9-17. We need not here decide whether *Greene*, supra, has precluded this Court from vacating arbitration awards by applying the "manifest disregard for the law" or "complete irrationality" tests to determine whether an arbitrator has exceeded his authority under OCGA § 9-9-13 (b) (3). See discussion, Yarn, supra at § 8-53, n. 11; compare *Banderas*, supra; *Hood v. Garland*, 223 Ga. App. 45 (476 SE2d 827) and *Amerispec*, supra with *Mid-American Elevator Co. v. Gemco Elevator Co.*, 183 Ga. App. 88 (357 SE2d 838) (a pre-*Greene* case). Suffice it to note that the appellate record reveals neither a "manifest disregard for the law" or "complete irrationality" by the arbitrator warranting vacation of the award.

Additionally, although the courts are split as to whether an arbitrator may award interest (4 AmJur2d, Alternative Dispute Resolution, § 206), it has been persuasively asserted by one commentator that "[a]n arbitrator has the power to award prejudgment interest unless the parties provide otherwise in their agreement. . . . Generally, interest accrues from the time the debt becomes due and payable. Post-judgment interest runs from the date of award rendition." Yarn, supra at § 8-50. We are satisfied that the award of prejudgment and post-judgment interest is one of the inherent powers of an arbitrator in the absence of a contrary provision in the arbitration agreement or consent to arbitrate. This holding is compatible with *Greene*, supra at 595, where our Supreme Court held that an arbitrator has inherent power to fashion a remedy as long as the award draws its essence from the contract or statute. The contract here at

issue did not preclude the award of interest. Appellants' first and second enumerations of error are without merit.

2. For each of the following reasons, we decline to address appellants' third enumeration that the trial court erred in failing to grant his motion for summary judgment:

(a) Appellants' attempt indirectly to obtain a vacation of the arbitrator's award by asserting an error in the denial of their motion for summary judgment. The Arbitration Code sets forth four statutory grounds for vacating an arbitration award. "Relevant case law states that these four bases are the exclusive grounds for granting an arbitration award." *Greene*, supra at 595 (1). Denial of a summary judgment motion is not one of these grounds. "A party cannot do indirectly what the law does not allow to be done directly." *Kingsmill Village &c. v. Homebanc &c.*, 204 Ga. App. 900, 902 (2) (a) (420 SE2d 771).

(b) "Rights that are cognizable in a court of law are not necessarily dispositive of an arbitrated dispute. Rather, arbitrating parties agree to waive certain such rights in favor of a quick resolution of their dispute by extralegal means. . . . [B]y electing arbitration, the parties can agree to waive certain constitutional and procedural rights to which they would be entitled in a judicial forum." *Greene*, supra at 595 (2). Moreover, if parties are allowed to enumerate pretrial issues as error when subsequently contesting arbitration award confirmation, the arbitration process would be impaired substantially, and the "finality of arbitration awards" (see, e.g., *Greene*, supra at 597) would become a constant target for judicial circumvention. By electing not to file a timely application for interlocutory review of the trial court's denial of its summary judgment motion and by electing to proceed with arbitration the appellants, as a matter of law, inherently waived their right to contest the trial court's denial of their summary judgment motion.

(c) Additionally, we find that Shaheen & Company reasonably relied on appellants' good faith commitment to engage in arbitration, and that Shaheen & Company by participating in the arbitration process also waived valuable judicial rights to their detriment in reliance on appellants' arbitration election. Under these circumstances, appellants waived by their conduct any right to assert that the trial court erred in denying their motion for summary judgment. See generally *Hyre v. Denise*, 214 Ga. App. 552 (3) (449 SE2d 120); *Crotty v. Crotty*, 219 Ga. App. 408, 412 (3) (465 SE2d 517) and cases cited therein; *Mauldin v. Weinstock*, 201 Ga. App. 514, 520 (4) (411 SE2d 370).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MARCH 11, 1998 —
RECONSIDERATION DENIED MARCH 25, 1998.

*Walter W. Furlong*, for appellants.
*William G. McDaniel*, for appellee.