A02A2101. HENDERSON v. MILLNER DEVELOPMENTS, LLC.
(578 SE2d 289)

ADAMS, Judge.

Alan L. Henderson appeals from the trial court's order confirming an arbitration award and denying his petition to vacate and modify that award. We affirm.

The arbitration was conducted pursuant to an arbitration provision contained in the parties' "New Construction Purchase and Sale Agreement" dated March 6, 1999. Henderson was the purchaser of a new home under the agreement, and Millner Developments, LLC was the seller. During construction of the house, Henderson asked Millner to make certain changes to the design. Under the terms of the parties' agreement Millner had the right to refuse to make any requested changes and the right to receive payment in advance for the work necessitated by any changes the company agreed to make. Millner chose to proceed with Henderson's requested changes even though the parties had not reached a prior agreement on the cost of those changes.

---

[6] See *Hines v. State*, 246 Ga. App. 835, 837-838 (4) (541 SE2d 410) (2000).
[7] Id.

When the parties later could not agree on an appropriate price, Millner sent Henderson a letter stating (1) that it was unilaterally extending the closing date from July 31, 1999, to January 15, 2000, due to the requested changes, (2) that it would not perform any changes on which it had not already begun work, and (3) that it would demand arbitration to resolve the parties' dispute as to the price of the changes. In later correspondence, however, Millner demanded that Henderson pay the cost of his proposed changes within five days. Millner indicated that if that payment was not made, it would consider Henderson in material breach of the agreement and would seek another buyer for the property.

In response, Henderson filed a demand for arbitration, seeking either specific performance or the return of his $250,000 earnest money deposit, along with attorney fees and other expenses of arbitration. Millner counterclaimed in the arbitration, seeking actual damages for costs incurred as a result of Henderson's failure to pay for his requested design changes. Millner also sought to recover liquidated damages under the agreement in the amount of Henderson's $250,000 earnest money deposit.

After the matter proceeded to arbitration, the arbitrator determined that Millner had breached two provisions of the parties' agreement. First, he found that Millner violated the arbitration clause by declaring Henderson to be in material breach of the agreement and by finding a new buyer, without first submitting the matter to arbitration. Second, he found that Millner also violated a separate provision that allowed the corporation to unilaterally extend the closing date for a period "not to exceed thirty calendar days."[1] Thus, the arbitrator concluded that Millner was not entitled to keep the $250,000 earnest money as liquidated damages. The arbitrator then awarded actual damages to Millner in the amount of $196,064.43 for the reasonable value of the change orders authorized by Henderson and begun by Millner, including a reasonable 15 percent contractor profit.

The Georgia Arbitration Code, OCGA § 9-9-1 et seq., provides the exclusive means by which an arbitration agreement will be enforced. *Greene v. Hundley*, 266 Ga. 592, 595-596 (3) (468 SE2d 350) (1996). And the Code states that an arbitration award must be confirmed unless it is vacated or modified as provided in the Code. OCGA § 9-9-12. Therefore, "[u]nless prejudice is shown and one of the . . . statutory grounds for vacating or modifying an award is established, the . . . Code requires a trial court to confirm an

---

[1] Millner's correspondence unilaterally extended the closing date for almost six months.

award. . . ." *Sweatt v. Intl. Dev. Corp.*, 242 Ga. App. 753, 754-755 (1) (531 SE2d 192) (2000). See also OCGA §§ 9-9-11; 9-9-13.

Henderson argues that the arbitrator lacked the authority to award Millner actual damages because the contract's liquidated damages clause provided Millner's sole remedy. He also asserts that the trial court erred in failing to modify the award because the issue of actual damages had not been submitted to the arbitrator in light of the liquidated damages provision.

1. The overstepping of an arbitrator's authority is one of the statutory grounds for vacatur. OCGA § 9-9-13 (b) (3). " 'Overstepping' like the other grounds for vacating arbitration awards is very limited in scope. 'Overstepping' has been described as 'addressing issues not properly before the arbitrator.' " (Citations omitted.) *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 598 (1) (b) (499 SE2d 693) (1998). Thus, this ground does not apply where an issue is properly raised before the arbitrator. *Progressive Data Systems v. Jefferson Randolph Corp.*, 275 Ga. 420, 421 (568 SE2d 474) (2002).

The limits of an arbitrator's authority are defined by the parties' arbitration agreement. See *Banderas v. Doman*, 224 Ga. App. 198, 199 (1) (480 SE2d 252) (1997). Here, the arbitration clause provides that "Buyer and Seller agree that any unresolved claim arising out of or relating to this contract, or the breach thereof, . . . shall be settled by arbitration." The arbitrator in this case, therefore, had broad authority to consider any disputes arising out of the contract. Nonetheless, the arbitrator was bound by the terms of the parties' agreement in crafting his award:

> An arbitration award should be consistent with terms of the underlying agreement and reflect the "essence" of that contract; it must not demonstrate an "imperfect execution" of the arbitrator's authority. Although an arbitrator has some latitude in fashioning remedies, he is not free to ignore the express terms of a valid and enforceable contract.

(Citations omitted.) *Sweatt*, 242 Ga. App. at 755 (1).

The liquidated damages clause in this case provides that Millner may retain the $250,000 earnest money deposit in the event of Henderson's breach, but only if Millner has performed all of its own obligations under the contract:

> Seller and Buyer acknowledge that it would be extremely impractical and difficult to ascertain the actual damages that would be suffered by Seller if Buyer fails or refuses to consummate the purchase of the Property for any reason *other than Seller's inability, failure or refusal to perform any*

*of Seller's covenants herein* or because Buyer never had an unconditional obligation to close the purchase and sale on the closing date as the result of one or more contingencies in the Agreement not being fulfilled as of the closing date. . . . [I]f all the conditions precedent to Buyer's obligations to consummate the purchase of the Property have been waived by Buyer or have been satisfied, *and if Seller has performed Seller's covenants hereunder,* but Buyer has failed or refused to consummate the purchase of the Property by the closing date, then Seller shall be entitled to retain the earnest money as full and complete liquidated damages for such default. . . .

(Emphasis supplied.) The language of this provision clearly states that it is only intended to apply if Millner is not itself in breach. Because the arbitrator expressly found that Millner had not performed all of its covenants, he was authorized to conclude that the liquidated damages provision did not apply in this case and that Millner was not entitled to retain the earnest money.

Henderson argues, however, that the liquidated damages provision should also control the circumstances of this case, where the seller is in breach. We note that the contract contains a separate provision addressing the situation of the seller's breach, although that clause is not designated as a liquidated damages provision. It provides that if the sale is not consummated because of Millner's failure to perform its obligations under the contract, Millner is required to refund the earnest money to Henderson. And the arbitrator determined that Henderson was entitled to a refund of the earnest money.

But nothing in that provision, the liquidated damages provision, or any other provision of the agreement addresses the issue of damages under the circumstances of this case: where Henderson refused to pay for the change orders he approved and where Millner is found to be in breach of the contract. In fact, if the liquidated damages provision were broad enough to cover a situation where Millner itself was in breach, it could be considered an unenforceable penalty. See *Broadcast Corp. of Ga. v. Subscription Television of Greater Atlanta,* 177 Ga. App. 199, 200 (338 SE2d 775) (1985).

Because the liquidated damages provision does not apply under the facts of this case, an award of actual damages was not precluded. And because the arbitrator was presented with a factual situation not specifically covered in the agreement, he was governed only by general contract principles in fashioning the award. See *Sweatt,* 242 Ga. App. at 755 (1); *Martin v. RocCorp, Inc.,* 212 Ga. App. 177, 179 (441 SE2d 671) (1994). Accordingly, Henderson has failed to estab-

lish that the arbitrator exceeded his authority, and no ground exists for vacating the arbitration award.

Although Henderson asserts that this case should be controlled by the result in *Sweatt*, that case is factually distinguishable. While the liquidated damages clause in that case was identical to the one in this case, the purchaser there was found to be in breach, but the seller was not. *Sweatt*, 242 Ga. App. at 756-757 (1). Accordingly, the liquidated damages clause applied, and it provided the seller's sole remedy. Id. at 757. See also OCGA § 13-6-7.

2. Under OCGA § 9-9-11 (a) (2), the courts may modify an award if an arbitrator has awarded upon a matter not submitted to him. Henderson asserts that the issue of actual damages was not submitted to the arbitrator because the liquidated damages provision precludes such an award. But as we have already determined that the liquidated damages clause does not preclude the award of actual damages in this case, this argument is without merit.

Moreover, Millner specifically submitted to the arbitrator its claim for the damages arising from the change orders. And Henderson also submitted the change order issue to the arbitrator, although he asserted it was only relevant in the event the house were completed to Henderson's specifications and sold to him. Therefore, the issue was properly submitted to the arbitrator, and no ground exists for modifying the award.

Accordingly, we affirm the trial court's order confirming the arbitration award.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 17, 2003.

*Smith, Currie & Hancock, Kent P. Smith, James W. Copeland*, for appellant.

*Shapiro, Fussell, Wedge, Smotherman, Martin & Price, Herman L. Fussell*, for appellee.

