## A04A1324. U. S. INTERMODAL & THUNDERBOLT EXPRESS v. GEORGIA PACIFIC CORPORATION.

### (600 SE2d 800)

ANDREWS, Presiding Judge.

U. S. Intermodal & Thunderbolt Express (USI) appeal from the superior court's order denying their motion to set aside the arbitration award in favor of Georgia Pacific Corporation. USI argues on appeal that the arbitrator exceeded his authority when he found in favor of Georgia Pacific based on the contracts at issue. We disagree and affirm.

This dispute arose after Builders Transport failed to pay USI for carrier services provided on behalf of Georgia Pacific. Pursuant to its contract with Georgia Pacific, Builders Transport contracted with USI to handle freight for Georgia Pacific. After Builders Transport filed for bankruptcy protection and failed to pay USI for its carrier service, USI looked to Georgia Pacific for payment of some $27,000 in unpaid invoices. Georgia Pacific refused payment, claiming that it paid Builders Transport for those services and USI must look to it for payment.

In accordance with the parties' agreement, the matter went to arbitration. The arbitrator found that under its contract with Georgia Pacific, Builders Transport agreed to provide motor carrier transportation for Georgia Pacific and also had the right to subcontract these services to other carriers while still being responsible to Georgia Pacific "for full and proper performance." The arbitrator further found that the contract between USI and Builders Transport identified USI as a contract carrier and it was this contract that controlled the issues in the case. Accordingly, the arbitrator held that Builders Transport remained liable to USI for payment and Georgia Pacific was under no obligation to pay USI for the shipments at issue.

USI appealed to the superior court to set aside the arbitration award and the superior court denied the motion. This appeal followed.

On appeal, USI argues that the arbitrator exceeded his authority when he found in favor of Georgia Pacific. It contends that the arbitrator misconstrued the contracts at issue and that Builders Transport was actually acting as a broker with respect to the shipments in question, not a motor carrier. It argues that there were two different clauses in Builders Transport's contract with Georgia Pacific, one for Builders Transport to act as a "motor common carrier" and one for Builders Transport to provide "logistics services," under which it acted as a broker or agent.

In deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation. *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (1985). See *Goodrich v. Southland Homes Corp.*, 214 Ga. App. 790 (1) (449 SE2d 154) (1994). Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in reviewing an award is bound to confirm it. *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996).

*Gilbert v. Montlick*, 232 Ga. App. 91, 93 (499 SE2d 731) (1998). Moreover, we will not evaluate the sufficiency of the evidence in arbitration cases and we will not disturb a trial court's confirmation of an arbitration award unless the existence of any of the four statutory grounds is shown. *Greene*, supra at 596-597.

The grounds for vacating an award are:

(1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.

OCGA § 9-9-13 (b).

In this case, USI claims the arbitrator overstepped his authority, which is one of the statutory grounds for vacatur. OCGA § 9-9-13 (b) (3).

" 'Overstepping' like the other grounds for vacating arbitration awards is very limited in scope. 'Overstepping' has been described as 'addressing issues not properly before the arbitrator.' " (Citations omitted.) *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 598 (1) (b) (499 SE2d 693) (1998). Thus, this ground does not apply where an issue is properly raised before the arbitrator. *Progressive Data Systems v. Jefferson Randolph Corp.*, 275 Ga. 420, 421 (568 SE2d 474) (2002).

*Henderson v. Millner Developments*, 259 Ga. App. 709, 711 (578 SE2d 289) (2003).

Here, there is no contention that the arbitrator addressed issues that were not properly raised. But, USI argues that this Court has also held that the arbitrator may not ignore the plain language of the parties' contract. *Sweatt v. Intl. Dev. Corp.*, 242 Ga. App. 753, 754-755 (531 SE2d 192) (2000). In *Sweatt*, this Court found that the arbitrator ignored the liquidated damages provision in the parties' contract when awarding damages. Id. at 756-757. Thus, *Sweatt* is not applicable in the case before us. Here, USI is arguing that the arbitrator did not correctly interpret the contracts in question and "courts must not decide the rightness or wrongness of the arbitrators' contract interpretation, only whether their decision 'draws its essence' from the contract." (Punctuation and footnote omitted.) *Southwire Co. v. American Arbitration Assn.*, 248 Ga. App. 226, 228 (545 SE2d 681) (2001).

Accordingly, because USI has not established one of the statutory grounds for vacating an award, the trial court's ruling on this issue must be affirmed. *Southwire*, supra.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JUNE 14, 2004.

*Bouhan, Williams & Levy, Carlton E. Joyce*, for appellant.
*Smart & Harris, Don Smart*, for appellee.