## 56472. STATE OF GEORGIA v. BRANTLEY.

BELL, Chief Judge.

This is a contempt case in which the citation was dismissed, and the state appeals. The order dismissing the citation states in part: "(1) That said Kathy Lee Brantley was personally served with a purported subpoena on March 24, 1978, directing her to appear as a witness for the State of Georgia in the case of the State of Georgia vs. Billy Leroy Biddy, said case being set for trial in this Court on March 27, 1978. (2) That said personal service was made by an agent of the District Attorney of the Atlanta Judicial Circuit and that such agent was more than 18 years old. . . (4) That the purported subpoena served on Kathy Lee Brantley did not bear the signature of the Clerk of the Court of the Fulton Superior Court nor did it bear the seal of said Court. Nor was it issued by the Clerk. (5) That the subpoena served on Kathy Lee Brantley did bear the printed name of the Clerk of the Court — the Fulton Superior Court. There is no evidence

that this was authorized by the Court or Clerk. Now therefore, this Court finds that the purported subpoena served on Kathy Lee Brantley was validly served; that said Kathy Lee Brantley had actual and constructive knowledge that her testimony would be required as a witness for the State of Georgia; that the purported subpoena served on Kathy Lee Brantley was not proper because it was not personally signed by the Clerk of the Court of the Fulton Superior Court or anyone authorized by her, and it does not bear the seal of the Court. It is further ordered that the said action be dismissed. . ."
*Held:*

The state's contention is that Code § 38-801 (a) was erroneously construed by the trial court as placing mandatory duties on the clerk issuing a subpoena. The statute reads in part as follows: "(a) . . . Every subpoena shall be issued by the clerk under the seal of the court, shall state the name of the court and the title of the action, and shall command each person to whom it is directed to attend and give testimony at a time and place therein specified. The clerk shall issue a subpoena, or a subpoena for the production of documentary evidence, signed and sealed but otherwise in blank, to a party requesting it, who shall fill it in before service." The use of the word "shall" in the statute indicates that the subpoena must be issued by the clerk, signed by him, and under the seal of the court. The word "shall" is in its ordinary signification a word of command. *Garrison v. Perkins,* 137 Ga. 744 (74 SE 541). Ordinary words must be given an ordinary signification in construing a statute. Code § 102-102. The state further argues that the procedures for issuance of a subpoena are directory and therefore the process when issued as here with the printed name of the clerk only, unsigned and lacking the seal of the court was therefore valid. Courts are not controlled by the literal meaning of the law in arriving at the intention of the legislature. *Barton v. Atkinson,* 228 Ga. 733 (187 SE2d 835). The signing and sealing of the subpoena amount to nothing more than ministerial acts which add nothing of substance to the subpoena, the only purpose of which is to give notice to a witness to appear in court. A statute is regarded as directory when no substantial rights depend

on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results. *Barton v. Atkinson,* supra. Applying these standards to the statute, we arrive at the conclusion that the statute is directory and the failure of the clerk to sign the subpoena and seal it did not invalidate it. But the judgment must be affirmed as we cannot ignore the trial court's findings that the subpoena was not "issued by the clerk." These findings were authorized by the evidence. We cannot avoid the positive mandate of the statute that the subpoena shall be issued by the clerk. To do so would be to abolish the statute, which this court cannot do.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 16, 1978.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellant.
*Paul McGee,* for appellee.