A99A0039. AKINTOBI et al. v. PHOENIX FIRE RESTORATION COMPANY, INC.
(513 SE2d 507)

Judge Harold R. Banke.

Phoenix Fire Restoration Company, Inc. ("Phoenix") sued M. O. Akintobi and Dolly Akintobi (collectively "Akintobi") for breach of

contract. Phoenix sought damages for unpaid invoices, consequential damages, and attorney fees. In a counterclaim, Akintobi, inter alia, sought attorney fees. After the parties consented to binding arbitration, both sides requested attorney fees. The arbitrator found solely in favor of Phoenix and awarded it $72,498.76 which included $24,575.60 in attorney fees. Under OCGA § 9-9-13 (b) (4), Akintobi applied to vacate the arbitrator's award claiming that the parties did not agree to arbitrate the issue of attorney fees. After determining that the fees issue was properly before the arbitrator, the court denied Akintobi's motion, and subsequently confirmed the arbitration award. *Held*:

Akintobi's sole enumeration of error is that the trial court erred in confirming the arbitration award because neither the written contract nor the parties' arbitration agreement expressly provided for the recovery of attorney fees.

OCGA § 9-9-13 (b) sets forth the exclusive grounds upon which an arbitration award may be vacated. *Greene v. Hundley*, 266 Ga. 592, 595-596 (3) (468 SE2d 350) (1996). The Georgia Arbitration Code requires a trial court to confirm an award upon timely application by a party, unless one of the statutory grounds for vacating or modifying the award is established. *Haddon v. Shaheen & Co.*, 231 Ga. App. 596-597 (1) (499 SE2d 693) (1998). "[T]he power of a court to vacate an arbitration award has been *severely limited* in order not to frustrate the legislative purpose of avoiding litigation by resort to arbitration." (Emphasis in original.) Id.

Here, nothing on the face of the arbitration award including the award of attorney fees appears to be the result of corruption, fraud, or misconduct. *Greene*, 266 Ga. at 596. Nor does the award evince any partiality or overstepping by the arbitrator. *Gilbert v. Montlick*, 232 Ga. App. 91, 93 (2) (499 SE2d 731) (1998). In fact, although no contract provided for attorney fees, the record demonstrates that both sides vigorously pursued such fees before the arbitrator. Not only did Akintobi fail to object to the evidence of Phoenix's attorney fees at arbitration, Akintobi submitted its own evidence of attorney fees. In so doing, Phoenix and Akintobi implicitly agreed to arbitrate that issue. See *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561, 562 (1) (422 SE2d 918) (1992). Inasmuch as Akintobi failed to sustain its burden of showing that the arbitrator's decision was "completely irrational" or constituted a "manifest disregard of the law," it must be upheld. *Amerispec Franchise v. Cross*, 215 Ga. App. 669, 671 (1) (452 SE2d 188) (1997); OCGA § 9-9-13 (b).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED MARCH 3, 1999 —

*Bowman S. Garrett, Jr.*, for appellants.

*Greenfield, Bost & Kliros, William L. Bost, Jr., Thad C. Gould, Hawkins & Parnell, Jeb T. Branham, Matthew F. Barr, Warner S. Fox*, for appellee.