A02A1666. PHILLIPS v. TERMNET OF NEW MEXICO, INC. et al.
A02A1667. TERMNET MERCHANT SERVICES INC. et al. v. PHILLIPS.
(580 SE2d 544)

JOHNSON, Presiding Judge.

Andrew Phillips and Kathryn Jill Phillips divorced in New Mexico in 1996. Under the terms of the divorce settlement, the company they owned, Integrated Transaction Services, Inc., would be sold upon court approval. The Phillipses entered into a stock purchase agreement to sell all of the shares of their business to TermNet Merchant Services, Inc. Kathryn Phillips was to receive $300,000

---

cash and a $600,000 note from TermNet. TermNet was to give Andrew Phillips 800,000 shares of TermNet stock, and pay off debts he owed to L. P. Whistle and Sunwest Bank. Andrew Phillips also agreed to work for TermNet under an employment agreement. The deal was approved by the New Mexico court. Later, disputes arose between TermNet and Andrew Phillips relating to both the stock purchase agreement and the employment agreement, and he was fired.

TermNet of New Mexico, Inc. and TermNet Merchant Services, Inc. (collectively TermNet) sued Andrew Phillips in Cobb County Superior Court for, among other things, breach of the employment and stock purchase agreements. TermNet later amended the complaint to include a claim based on Andrew Phillips' failure to make payments pursuant to a promissory note. Andrew Phillips moved to stay the proceedings, citing provisions in the employment and stock purchase agreements requiring that disputes concerning those agreements go to arbitration. The motion to stay was granted.

TermNet then filed a demand for arbitration, alleging that Andrew and Kathryn Phillips breached the stock purchase agreement, and that Andrew Phillips breached the employment agreement.[1] In arbitration, Kathryn Phillips reached a settlement with TermNet and agreed to take about one-half the amount TermNet owed her under the stock purchase agreement. Then Kathryn Phillips filed a cross-claim in arbitration seeking to recover from Andrew Phillips the difference between what she received in the settlement and what TermNet owed her under the stock purchase agreement. Andrew Phillips moved to dismiss her cross-claim based on principles of res judicata and collateral estoppel.

After a hearing, the arbitration panel awarded TermNet $607,258 for breach of the stock purchase agreement, denied TermNet's breach of employment claim, awarded TermNet $160,988 in attorney fees, denied Andrew Phillips' claim for breach of employment contract, denied Andrew Phillips' claim for attorney fees, ordered TermNet to deliver to Andrew Phillips his stock shares under the stock purchase agreement, awarded Kathryn Phillips $453,826 pursuant to the stock purchase agreement, and ordered Andrew Phillips to pay Kathryn Phillips attorney fees of $95,589.

Kathryn Phillips and TermNet filed a motion in the Cobb County Superior Court to confirm the arbitration award. The superior court confirmed the award, and denied Andrew Phillips' motion to modify or vacate the award. In Case No. A02A1666, Andrew Phillips appeals from the order confirming the arbitration award. In Case No.

---

[1] The parties' other claims remained pending in superior court.

A02A1667, TermNet appeals from the superior court's denial of its request for attorney fees in conjunction with the promissory note.

## Case No. A02A1666

1. Andrew Phillips contends that the trial court erred in confirming the award to Kathryn Phillips and TermNet because the award included unauthorized attorney fees. According to Andrew Phillips, only the employment agreement authorized an award of attorney fees, and Kathryn Phillips and TermNet only prevailed on claims related to the stock purchase agreement. This argument presents no basis for reversal.

At the outset, we note that the power of a court to vacate an arbitration award has been *severely* limited in order not to frustrate the legislative purpose of avoiding litigation by resort to arbitration.[2] An arbitration award can only be vacated where the applying party shows: (1) corruption, fraud, or misconduct in procuring the award; (2) partiality of an arbitrator appointed as a neutral; (3) an overstepping of the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) a failure to follow the procedure of the arbitration.[3]

Andrew Phillips claims that, in awarding attorney fees, the arbitration panel overstepped its authority. Arbitrators overstep their authority only when they determine matters beyond the scope of the case, and address issues not properly before them.[4] There is no overstepping of authority where the issue to be decided is properly before the arbitrators.[5] While the arbitrators may not ignore the plain language of the parties' contract,[6] "courts must not decide the rightness or wrongness of the arbitrators' contract interpretation, only whether their decision 'draws its essence' from the contract."[7] We are prohibited from weighing the evidence submitted to the arbitrators, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award.[8] Arbitrators are free to make awards on the basis of broad principles of fairness and equity.[9]

[2] *Southwire Co. v. American Arbitration Assn.*, 248 Ga. App. 226, 227-228 (2) (545 SE2d 681) (2001); *Akintobi v. Phoenix Fire Restoration Co.*, 236 Ga. App. 760, 761 (513 SE2d 507) (1999).
[3] *Progressive Data Systems v. Jefferson Randolph Corp.*, 275 Ga. 420 (568 SE2d 474) (2002); see *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 387 (1) (512 SE2d 300) (1999).
[4] *Progressive Data Systems*, supra at 421.
[5] Id.
[6] *Southwire Co.*, supra at 228.
[7] (Punctuation omitted.) Id.
[8] *Ralston*, supra.
[9] *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 598 (1) (b) (499 SE2d 693) (1998).

Here, the dispute between the parties involved the meaning, interpretation, and application of certain terms of the employment and stock purchase agreements; these were matters for the arbitrators to determine.[10] The arbitration clause in the employment agreement provides that all costs and expenses of arbitration, including attorney fees, shall be allocated among the parties according to the arbitrators' discretion. Such a clause is enforceable in Georgia.[11] Contrary to Andrew Phillips' position, the contract does not allow the arbitrators to award fees only to the party prevailing under the employment agreement.

In addition, even if no contract provided for attorney fees, the record demonstrates that both sides sought such fees before the arbitration panel. In so doing, Andrew Phillips implicitly agreed to arbitrate that issue.[12] The attorney fee issue was properly before the arbitration panel, so there was no overstepping of authority.

The trial court considered the record of the arbitration proceedings and determined that neither the contracts nor the law had been ignored in the awarding of attorney fees. Our review of the record reveals no error in the trial court's ruling.[13]

2. According to Andrew Phillips, the arbitrators also overstepped their authority by ordering him to pay Kathryn Phillips pursuant to the stock purchase agreement when a New Mexico court had ruled that she could not recover money from him if she reached a settlement with TermNet. The trial court did not err in confirming the arbitration panel's award.

In January 2000, Kathryn Phillips' attorney wrote a letter to the judge in a pending New Mexico child support case requesting guidance as to whether Kathryn Phillips would be precluded from seeking additional relief from Andrew Phillips if she accepted TermNet's offer (in the Georgia case) to pay her less than what TermNet owed her under the terms of the stock purchase agreement. In May 2000, in its order resolving child support issues, the New Mexico court indicated that Kathryn Phillips would not be entitled to be reimbursed by Andrew Phillips if she accepted TermNet's settlement offer.

We agree with Kathryn Phillips that the New Mexico court's child support order did not resolve stock purchase issues which were pending before the arbitration panel. The stock purchase issue raised by Kathryn Phillips in her ex parte letter was not being litigated in

[10] *ADC Constr. Co. v. McDaniel Grading*, 177 Ga. App. 223, 226 (3) (338 SE2d 733) (1985).

[11] See *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561 (1) (422 SE2d 918) (1992).

[12] See *Akintobi*, supra.

[13] See *City of College Park v. Batson-Cook Co.*, 196 Ga. App. 138, 140 (395 SE2d 385) (1990).

the New Mexico court. Indeed, the New Mexico court did not hear the merits of the issue raised in the letter. Instead, all claims surrounding the stock purchase agreement were submitted to the arbitration panel in June 1999, and a decision was rendered by that body in July 2000. The New Mexico court could not resolve the substantive issue which was properly pending before the arbitrators.

We further note that when Kathryn Phillips' counsel sent the letter, she had not yet accepted TermNet's settlement offer. Therefore, her inquiry concerned the legality of future actions which may or may not occur. What she sought was, at best, an advisory opinion.[14]

The arbitration panel did not overstep its bounds by not following the decision of the New Mexico court in the child support proceeding.[15]

3. Andrew Phillips argues that the arbitration panel overstepped its authority and the trial court erred in confirming the award to Kathryn Phillips under the stock purchase agreement. He argues that there was no representation, warranty, or other contractual duty or obligation flowing from him to Kathryn Phillips under the agreement. Andrew Phillips presents no ground for vacating the award.

The stock purchase agreement provides that any controversy or claim arising out of or relating to the agreement shall be settled by arbitration. Andrew and Kathryn Phillips were both parties to the agreement. Thus, the panel did not address any issue not properly before it.[16] Moreover, in the stock purchase agreement the Phillipses jointly and severally indemnified TermNet against claims listed in the stock purchase agreement, including damages caused by Andrew or Kathryn Phillips. Accordingly, Andrew Phillips owed Kathryn Phillips a duty of good faith and fair dealing in the performance and completion of his duties and obligations under the agreement.[17] The arbitration panel found that Andrew Phillips breached his duties under the stock purchase agreement, and that Kathryn Phillips was damaged as a result. The arbitrators' decision draws its essence from the contract.[18] And, the decision is consistent with broad principles of fairness and equity.[19] The panel was authorized to award relief to Kathryn Phillips to compensate her for the damage caused her by Andrew Phillips' breach of the agreement.

---

[14] See generally *Jordan, Jones & Goulding v. Balfour Beatty Constr.*, 246 Ga. App. 93, 96 (2) (539 SE2d 828) (2000).

[15] See generally *Progressive Data Systems*, supra.

[16] See *Southwire Co.*, supra at 227-228.

[17] See generally *Mail Advertising Systems v. Shroka*, 249 Ga. App. 484, 486 (2) (548 SE2d 461) (2001).

[18] See *Southwire Co.*, supra.

[19] See *Haddon*, supra.

## Case No. A02A1667

4. TermNet files this cross-appeal raising one issue: did the trial court err in denying its request for attorney fees incurred in its efforts to collect payment from Andrew Phillips on the promissory note?

In its second amended complaint, TermNet alleged that Andrew Phillips failed to make the payments due under a promissory note. The promissory note provides that if suit is filed to collect on the note, TermNet is entitled to collect all reasonable costs and expenses of suit, including reasonable attorney fees. OCGA § 13-1-11 (a) provides, in pertinent part, that obligations to pay attorney fees upon any note or other evidence of indebtedness shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity. A plaintiff who is entitled to a summary judgment on a document establishing "evidence of indebtedness," within the meaning of OCGA § 13-1-11 (a), is also entitled to a judgment for attorney fees thereon.[20]

In June 2000, the trial court granted TermNet's motion for partial summary judgment, holding Andrew Phillips liable on the promissory note. At that time, the trial court reserved ruling on TermNet's prayer for attorney fees pursuant to the note. In July 2000, the arbitration panel entered its award, and Kathryn Phillips and TermNet moved to confirm the award in the trial court. In October 2001, the trial court denied TermNet's request for attorney fees under the promissory note. In November 2001, the trial court confirmed the arbitration award, which included an award of attorney fees to TermNet.

It is undisputed that TermNet has satisfied the statutory conditions of OCGA § 13-1-11 (a). Nonetheless, we do not agree that the trial court's failure to award separate attorney fees in connection with the promissory note constitutes reversible error.

At the same time the trial court was considering TermNet's request for fees under the promissory note, the court had pending before it TermNet's motion to confirm the arbitration award. That award indicates that Andrew Phillips is liable for $160,988 in attorney fees to TermNet (as well as $95,589 in attorney fees to Kathryn Phillips). The amount awarded by the panel, and confirmed by the trial court, is many times more than the $23,580 TermNet has requested pursuant to the promissory note. In the absence of any indication in the record to the contrary, we must assume that the trial court deemed that the attorney fees awarded by the arbitration

---

[20] *Dalcor Mgmt. v. Sewer Rooter*, 205 Ga. App. 681 (1) (423 SE2d 419) (1992).

panel were sufficient to compensate TermNet for all issues pursued in its complaint.[21] Accordingly, the trial court's judgment denying a separate award of fees on the promissory note is affirmed.

*Judgments affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 24, 2003 —
RECONSIDERATIONS DENIED MARCH 6, 2003 AND MARCH 28, 2003 —

*Carr, Tabb, Pope & Freeman, W. Pitts Carr*, for Andrew Phillips.

*Freed & Berman, Gary S. Freed, Benjamin I. Fink, William J. Piercy, Jonathan A. Weintraub*, for TermNet of New Mexico, Inc. et al.

*Kutak Rock, Gregory R. Crochet, Laura Sauriol-Gibris*, for Kathryn Phillips.

---

[21] See generally *White v. Arthur Enterprises*, 219 Ga. App. 124 (2) (464 SE2d 225) (1995).