S03G1157. TERMNET MERCHANT SERVICES, INC. v. PHILLIPS.
(588 SE2d 745)

SEARS, Presiding Justice.

We granted certiorari to consider whether a trial court has discretion to deny a claim for attorney fees brought pursuant to OCGA § 13-1-11, despite undisputed compliance with the requirements of that statute. Based upon the statute's language and legislative history, we conclude that attorney fees sought under OCGA § 13-1-11 are mandatory where the statute's conditions have been clearly satisfied. Therefore, we reverse.

In 1996, appellee Andrew Phillips entered into both an employment agreement and a stock purchase agreement with appellant TermNet Merchant Services, Inc. ("TermNet"). At roughly the same time, Phillips executed a promissory note payable to TermNet in the principal amount of $150,000, with interest set at 11.5 percent per year. The note provided that if the creditor brought suit to collect an unpaid balance, it was entitled to receive all reasonable costs, including attorney fees. Pursuant to the note, Phillips received $150,000 from TermNet. Disputes then arose between Phillips and TermNet

---

[7] *Cox Enterprises v. Nix*, 274 Ga. 801, 803 (560 SE2d 650) (2002).

relating to both the employment contract and the stock purchase agreement, and Phillips's employment was terminated.

TermNet made a demand on Phillips to pay the balance of the note and put Phillips on notice that if the note was not paid in full within ten days of the demand letter's receipt, TermNet would enforce the note's attorney fees provision. When its demand was not satisfied, TermNet sued Phillips for, among other things, contract breach and failure to make payments under the note. The trial court bifurcated the case, and ordered that all claims arising from the employment contract and stock purchase agreement — both of which contained arbitration provisions — be submitted to binding arbitration. At the same time, the trial court retained jurisdiction over the claims pertaining to the note, which contained no arbitration provision.

The trial court found that Phillips was liable on the note for the principal, interest and late fees, and granted TermNet partial summary judgment.[1] At that time, the trial court reserved judgment on whether to award TermNet attorney fees under OCGA § 13-1-11, as requested. One month later, the arbitration panel entered an award in TermNet's favor on its claims pertaining to the stock option and employment contracts. The arbitration panel's award included an award of attorney fees. The trial court then confirmed the panel's award, but denied TermNet's request for statutory attorney fees under OCGA § 13-1-11 with regard to its efforts to collect on the note.

TermNet appealed the denial of its request for attorney fees. Even though the Court of Appeals found that TermNet had satisfied all of OCGA § 13-1-11's requirements, it nonetheless affirmed the trial court's denial of TermNet's request for fees.[2] The Court of Appeals reasoned that the trial court must have deemed the arbitration award — which, as stated, included an award of attorney fees — sufficient to compensate TermNet for fees it incurred in pursuing all of its claims, including those pertaining to the note. TermNet's petition for certiorari was granted so that this Court could consider whether a trial court has discretion to deny a request for attorney fees pursuant to OCGA § 13-1-11 despite undisputed compliance with all the conditions of that statute.

1. OCGA § 13-1-11 (a) provides in pertinent part that:

Obligations to pay attorney[ ] fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collecti-

---

[1] In his pleadings, Phillips conceded that he had not made scheduled payments under the note, but claimed he was entitled to a set-off.

[2] *Phillips v. TermNet of New Mexico*, 260 Ga. App. 645 (580 SE2d 544) (2003).

ble as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity. . . .

This provision is enforceable so long as: (1) the note's terms include an obligation to pay attorney fees; (2) the debt owed under the note has matured; (3) notice was given to the debtor informing him that if he pays the debt within ten days of the notice's receipt, he may avoid attorney fees; (4) the ten day period has expired without payment of the principal and interest in full; and (5) the debt is collected by or through an attorney.[3] As stated in the Code section quoted above, once these conditions are established, contractual provisions to pay attorney fees in connection with a creditor's efforts to collect on a note "**shall** be valid and enforceable."[4]

When construing statutory phrases, of course, we look diligently for the General Assembly's intention, bearing in mind relevant old laws, evils sought to be addressed and remedies interposed.[5] In this regard, we note that " '[i]n its ordinary signification, "shall" is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission.' "[6] When read in its entirety, there is nothing in OCGA § 13-1-11 that suggests the legislature intended the use of the word "shall" in subsection (a) to denote a permissive rather than a mandatory meaning. Furthermore, the legislative history of section 13-1-11 establishes that mandatory attorney fee provisions in notes are looked upon favorably and are valid and enforceable, so long as the statutory conditions outlined above have been satisfied.[7]

Accordingly, based upon the clear language of the statute and its history, we conclude that where a party complies with the requirements of OCGA § 13-1-11, the party is entitled to receive statutory attorney fees. Because the language of the statute is mandatory rather than permissive, we further hold that the trial court is without discretion to deny fees under section 13-1-11 when all the condi-

---

[3] OCGA § 13-1-11 (a) (1)-(3). See *Specialty Inv. Corp. v. Village Apt. Assoc.*, 9 B.R. 211, 215 (Bankr. N.D. Ga. 1981); *General Elec. Credit Corp. v. Brooks*, 242 Ga. 109 (249 SE2d 596) (1978).

[4] OCGA § 13-1-11 (a) (emphasis supplied).

[5] *General Elec. Credit Corp.*, 242 Ga. 109 (holding that predecessor to OCGA § 13-1-11 was satisfied by substantial compliance with its requisites).

[6] *State v. Mills*, 268 Ga. 873, 874 (495 SE2d 1) (1998), quoting *Garrison v. Perkins*, 137 Ga. 744, 755 (74 SE 541) (1912). See also *Ring v. Williams*, 192 Ga. App. 329, 330 (384 SE2d 914) (1989) (the term " '[s]hall' ordinarily denotes command and not permission"); *State of Ga. v. Brankley*, 147 Ga. App. 569, 570 (249 SE2d 365) (1978) ("the word 'shall' is in its ordinary signification a word of command").

[7] See *General Elec. Credit Corp.*, 242 Ga. at 112-114.

tions of that statute are unquestionably satisfied.[8] It follows that the Court of Appeals erred in holding that the trial court in this case had discretion to deny TermNet's claim for fees under section 13-1-11, despite its undisputed compliance with the statute's requirements.

2. Turning to the facts of this particular matter, it is clear that TermNet satisfied all of the requirements of section 13-1-11. As noted above, the note included an obligation to pay reasonable attorney fees and costs if the creditor was forced to bring suit to collect the unpaid balance; the debt secured by the note had matured; Phillips was given notice that if he paid the debt and interest in full within ten days of the notice's receipt, he would not be liable for fees and costs; the ten day period expired without Phillips making such payment; and TermNet sought to collect the amount owed through an attorney. Based upon these and other facts, the trial court granted TermNet summary judgment on the note. As made clear by the law and Code sections discussed above, it follows that TermNet was entitled to recover its statutory attorney fees under the note.

As noted above, the Court of Appeals speculated that the trial court may have deemed the amount of fees awarded by the arbitration panel sufficient to compensate TermNet for the fees it incurred when collecting on the note. As our ruling today makes clear, though, the trial court lacked the discretion to follow such reasoning, especially in light of the fact that the issues decided by the arbitration panel (relating to the employment and stock option contracts) were entirely separate and distinct from those decided by the trial court (regarding TermNet's efforts to collect on the note).

3. In his brief to this Court and at oral argument, Phillips notes that in its most recent order, the trial court declined to enter final judgment on the note in TermNet's favor, due to "several unresolved issues and claims." From this, Phillips reasons that rather than denying TermNet's request for statutory attorney fees, the trial court simply deferred ruling on the claim for fees. While Phillips is correct that in its most recent order, the trial court did not enter final judgment on the note, the court's order also clearly denied TermNet's request for fees. Furthermore, the trial court had previously entered summary judgment in TermNet's favor on the note, and held that Phillips is liable for the note's full amount of principal, plus interest and late fees. OCGA § 13-1-11 provides that contractual obligations to pay attorney fees upon a note are enforceable if the note is collected through an attorney, subject to the conditions outlined in Divi-

---

[8] See *Dalcor Mgmt. v. Sewer Rooter*, 205 Ga. App. 681 (423 SE2d 419) (1992) (" '[a] plaintiff who is entitled to summary judgment on a document establishing "evidence of indebtedness" is also entitled to a judgment for attorney fees thereon.' ") (quoting *Woods v. General Elec. Credit Auto Lease*, 187 Ga. App. 57, 61 (369 SE2d 334) (1988)).

sion 1, above. It being undisputed that those conditions were satisfied in this case, the findings and conclusions made by the trial court in conjunction with its grant of summary judgment in favor of TermNet mandated that the court should have granted TermNet's request for fees under section 13-1-11.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Freed & Berman, Gary S. Freed, William J. Piercy, Benjamin I. Fink*, for appellant.

*Gregory R. Crochet, Carr, Tabb, Pope & Freeman, W. Pitts Carr*, for appellee.