## A04A1753. PALAIO et al. v. LETSON et al.
(611 SE2d 787)

BARNES, Judge.

Pace S. Palaio and John J. Smith ("Palaio") appeal the trial court's denial of their application for a permanent injunction against arbitration of certain claims that they contend fell outside their arbitration agreement entered into by all of the members of Smith & Radigan Certified Public Accountants, LLC. Because the agreement provides that the arbitrator has power to rule on the jurisdiction of claims falling within the scope of the agreement, we affirm the trial court.

In December 2002, Timothy Radigan, a member of the CPA firm but not a party to this action, filed a demand for arbitration against appellant Palaio. Palaio in turn filed a "third party" demand in that proceeding against James Letson and James Sloan ("Letson"), among others. In July 2003, Letson filed a response to Palaio's claims and asserted a counterclaim against Palaio and Smith. In August 2003, Palaio filed a declaratory judgment action in Fulton Superior Court, seeking to have some, but not all, of Letson's claims against him

---

stayed, claiming that they fell outside the scope of the arbitration agreement. Smith was later added as a plaintiff on Palaio's unopposed motion.

In September 2003, less than two weeks after Palaio filed the superior court declaratory judgment that underlies this appeal, he filed a document in the arbitration proceeding titled "Objections and Motion to Partially Stay and Dismiss." He attached a copy of the complaint and argued that "numerous claims brought by way of counterclaim by Messrs. Letson and Sloan are not proper matters for arbitration" under the parties' operating agreement. Palaio further requested that the arbitrator stay all aspects of the arbitration which were the subject matter of the declaratory judgment, and *"[t]o dismiss* all aspects of the counterclaims, crossclaims, or any other claims, brought by Messrs. Letson and Sloan which are the subject matter of the foregoing Declaratory Judgment action." (Emphasis supplied.)

On September 18, 2003, Letson responded to the objection, arguing that all of his claims were arbitrable, and alternatively, if the arbitrator was inclined to stay some of the claims, he should stay them all pending the outcome of the declaratory judgment action. On October 21, 2003, the arbitrator denied Palaio's "motion praying that enumerated items be excluded as outside the scope of the arbitration clause."

On December 4, 2003, more than a month after the arbitrator denied Palaio's motion to dismiss certain claims from the arbitration, Palaio moved for injunctive relief in superior court, asking the court to enjoin the arbitrator from hearing those same claims. At a motions hearing in February 2004, Palaio admitted that he had filed a pleading with the arbitration tribunal "asking them to stay the motion[,] specifically objecting to [the] arbitrator's jurisdiction," but that the arbitrator found that he had jurisdiction to hear the claims. Palaio concluded that "the arbitrator does not have the jurisdiction to rule on whether or not a claim is arbitrable," because "the parties did not agree to arbitrate the issue of arbitrability." Letson argued to the contrary, asserting that the parties' operating agreement provided that all claims were arbitrable and were to be governed by the American Arbitration Association's ("AAA") Commercial Rules. Those rules provide that the arbitrator has the power to rule on his own jurisdiction, and therefore, the appellees contended, the court should deny the appellants' motion.

The trial court denied the motion for injunctive relief, and subsequently entered judgment for Letson, dismissing the action on its merits. In its order denying appellants' motion for injunctive relief, the trial court held that Palaio himself submitted the question of arbitrability to the arbitrator and therefore agreed to be bound by

the arbitrator's decision. It thus concluded that the question of whether the decision should be affirmed was moot.

On appeal, Palaio argues first that he did not submit the question of arbitrability to the arbitrator when he filed the "Objections and Motion to Partially Stay and Dismiss" Letson's counterclaims, and did not admit in judicio that he did so, but that he was merely asking the arbitrator to stay the proceedings on those claims until the superior court ruled on their arbitrability. Letson responded first that, under the terms of the parties' agreement, the arbitrator was to determine his own jurisdiction. He also argues that, by asking the arbitrator to grant the same relief they sought in their superior court complaint, Palaio was prohibited from seeking a different answer to that question from the superior court.

The parties' operating agreement provides:

> Any dispute, controversy or claim arising out of or in con-nection with, or relating to, this Operating Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to, and settled by, arbitra-tion in the City of Atlanta, State of Georgia, pursuant to the commercial arbitration rules then in effect of the American Arbitration Association.

The parties stipulated that the arbitration rules in the record governed the arbitration claims in this proceeding, and Rule 1 (a) provides that "[t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the [AAA] without specifying particular rules." Rule 7 (a) provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement."

"A trial court's exercise of discretion in granting an injunction will not be interfered with, absent manifest abuse, unless the question decided by the trial court is one of law." *Gibson v. Huffman*, 246 Ga. App. 218 (540 SE2d 222) (2000). In this case, whether Palaio submitted the jurisdictional issue to the arbitrator before submitting it to the superior court, and the effect if he has done so, is a legal question that we must review.

Pretermitting whether the terms of the arbitration contract provided that the arbitrator shall rule on questions of his jurisdiction, and considering the arbitration pleadings and rulings, we agree with the trial court that Palaio submitted the issue to the arbitrator first and obtained a ruling from him. Thus he "implicitly agreed" to arbitrate the issue of the arbitrator's jurisdiction, and may not subsequently raise the same issue before the trial court. See *Akintobi*

*v. Phoenix Fire Restoration Co.*, 236 Ga. App. 760, 761 (513 SE2d 507) (1999). Nothing in Palaio's arbitration motion to dismiss some of the claims against him indicates that he only wanted the arbitrator to wait to rule on certain claims against him until after the superior court ruled, as he now argues. If he did intend to do so, he did not respond to Letson's objection in which he argued the merits of the arbitrator's jurisdiction. Finally, he waited until after the arbitrator ruled on the jurisdictional issue before moving the superior court for an injunction against the arbitrator considering his jurisdiction.

The trial court did not err in denying Palaio's motions for temporary and permanent injunctions and dismissing the complaint.

Based on the foregoing, we need not address Palaio's contention that he made no admissions in judicio by attaching to his superior court motion the arbitration letter ruling on his arbitration motion, nor the appellees' argument that the parties' contract provided that the arbitrator could determine the scope of his jurisdiction.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 11, 2005 — 

*Smith Moore, Howell Hollis III, Alycen A. Moss*, for appellants.
*Porter & Orrison, J. Alexander Porter*, for appellees.