A07A1929. ANSLEY MARINE CONSTRUCTION, INC. et al.
v. SWANBERG et al.
(660 SE2d 6)

MIKELL, Judge.

Ansley Marine Construction, Inc. ("AMC"), and Stephen C. Ansley (the "plaintiffs") appeal from (i) the trial court's order dismissing their complaint against Stephen J. Swanberg, James Frank Dubberly, ADS Marine Construction Company, Inc., and Marine Equipment, L.L.P. (the "defendants") and (ii) the trial court's orders denying plaintiffs' motion to vacate the arbitrator's award and entering judgment on the arbitrator's award. Plaintiffs contend that the trial court erred in dismissing their complaint on the ground that no claims were left to be decided by the superior court, in refusing to find that the arbitrator manifestly disregarded the law, and in refusing to find that the arbitrator overstepped his authority.[1] For the reasons that follow, we disagree and affirm.

In April 2002, the plaintiffs sued the defendants for breach of contract, fraud, and breach of fiduciary duty, among other claims, following the plaintiffs' sale of certain assets and equipment to the

---

[1] OCGA § 9-9-13 (b) (3), (5).

defendants. The transaction involved two asset sales contracts, each of which provided that "[a]ny controversy or claim arising out of or relating to this Contract or the breach thereof shall be settled by arbitration."

The trial court granted plaintiffs' motion to submit the controversy to arbitration, and the arbitration hearing was conducted on January 15 and 16, 2004. The arbitrator awarded plaintiffs $10,872 on one of their contract claims and specifically denied a number of other claims. The award provided that it was "in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied."

On July 26, 2004, plaintiffs moved to vacate the arbitration award. The trial court denied the plaintiffs' motion and entered judgment on the award on September 15, 2004. The judgment, consistent with the arbitration award, provided that it was in full settlement of all claims submitted to arbitration and that the claims not expressly granted were denied. In July 2006, the defendants moved to dismiss the complaint with prejudice on the grounds that no issues remained which required a trial. The trial court granted the motion on January 26, 2007, and this appeal followed.

1. At issue is whether Ansley's breach of fiduciary duty claims were submitted to arbitration. The plaintiffs contend that the trial court erred in finding that they submitted evidence at the arbitration hearing in support of those claims. Whether these fiduciary duty claims were arbitrated is an issue of law,[2] and we review the trial court's grant of defendants' motion to dismiss the complaint de novo.[3]

As a general rule, arbitration under the Georgia Arbitration Code is limited to "all disputes in which the parties thereto have agreed in writing to arbitrate."[4] Since "arbitration is a matter of contract[,] . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[5] However, if the parties agree to submit an issue to arbitration, even implicitly, an issue so submitted and ruled on by the arbitrator may not be raised anew before the trial court.[6] Thus, pretermitting whether the fidu-

---

[2] *Palaio v. Letson*, 272 Ga. App. 119, 121 (611 SE2d 787) (2005).

[3] *Mattox v. Yellow Freight Systems*, 243 Ga. App. 894 (534 SE2d 561) (2000) (trial court's ruling on a motion to dismiss is subject to de novo review on appeal).

[4] OCGA § 9-9-2 (c). See *Goodrich v. Southland Homes Corp.*, 214 Ga. App. 790, 791 (1) (449 SE2d 154) (1994).

[5] (Citation and punctuation omitted.) *Krut v. Whitecap Housing Group*, 268 Ga. App. 436, 442 (2) (c) (602 SE2d 201) (2004).

[6] *Palaio*, supra at 121-122. See *Akintobi v. Phoenix Fire Restoration Co.*, 236 Ga. App. 760, 761 (513 SE2d 507) (1999) (as both parties presented evidence on issue of attorney fees, they implicitly agreed to arbitrate the issue); *Doman v. Stapleton*, 256 Ga. App. 383, 388 (1) (568 SE2d 509) (2002).

ciary duty claims were outside the scope of arbitration contemplated in the asset sales agreements, if the parties either expressly or implicitly agreed to submit these claims for arbitration, then plaintiffs may not try the claims again before the trial court.

As noted by the trial court in its order dismissing the complaint, the plaintiffs initially sought to exclude the fiduciary duty claims from the arbitration. The plaintiffs filed a "motion to submit controversy to arbitration" asking the trial court to order the parties to arbitrate the breach of contract and fraud portions of their complaint, but also maintaining that the fiduciary duty claims were not subject to arbitration because the claims were independent of the parties' agreement to arbitrate controversies and claims arising from the asset sales agreements. The trial court granted the plaintiffs' motion, although it did not directly rule on the issue of what specific claims or issues were subject to arbitration.[7] The plaintiffs also filed a demand for arbitration and submission of issues for dispute resolution with the American Arbitration Association requesting resolution of only the "fraud and contract claim."

At the arbitration hearing, however, the plaintiffs argued for and presented evidence related to the fiduciary duty claims raised by the complaint. The evidence showed that Ansley, who was the sole owner of AMC, ran a dock building business. Ansley also had a business relationship with defendants Dubberly and Swanberg through defendant ADS Marine, in which the three held equal interests and in which they were all officers.[8] In January 1997, Ansley, Dubberly, and Swanberg became partners in Marine Equipment. Also in January 1997, Ansley, Dubberly, and Swanberg entered into a series of transactions in which what plaintiffs refer to as the "light equipment" owned by Ansley and AMC was transferred to ADS Marine, and the "heavy equipment" owned by Ansley and AMC was transferred to Marine Equipment.[9]

---

[7] The trial court had previously ruled that the plaintiffs had filed, and then dismissed, "a similar, if not identical suit" in which the trial court had ordered the parties to submit to arbitration. The trial court held that its order directing arbitration in the prior case remained in effect. The trial court also found that, as to issues previously submitted to arbitration, the plaintiffs' remedy lay with the arbitration panel and that those issues remained stayed, and that the remaining issues, which had been properly renewed in this action, were also stayed. However, the trial court did not identify which issues were subject to the original order directing arbitration. The original order had only directed that the "controversy" be submitted to arbitration.

[8] Plaintiffs contend that the parties had agreed Ansley's interest in the corporation was to be increased to 49 percent, but this was never done.

[9] In the two asset sales agreements, Dubberly and Swanberg agreed to buy 49 percent of the light equipment and 49 percent of the heavy equipment for consideration including cash at closing, a promissory note, and the assumption of debt and negative cash flow of AMC. Dubberly

In the complaint, the plaintiffs contended, among other things, that Dubberly and Swanberg had breached their fiduciary duties to ADS Marine and Marine Equipment, alleging in particular that they depleted corporate and partnership funds by building a bridge in Savannah for Riverview Development Company, Inc. ("Riverview"), and Ansley asserted his right to bring a derivative claim against Dubberly and Swanberg on behalf of ADS Marine and Marine Equipment arising out of these breaches of fiduciary duty. In opening argument at the arbitration hearing, the plaintiffs' attorney promised that he would show that Riverview was a business owned in part by Swanberg; that Riverview had constructed a bridge in Savannah using the resources of ADS Marine; that "[t]here is one million dollars of profit that ADS [Marine] missed out on that Mr. Swanberg pocketed"; and that "Mr. Swanberg is taking the company's resources and applying them to his personal benefit." Plaintiffs then presented evidence concerning ADS Marine's work for Riverview, eliciting testimony that ADS Marine billed $151,000 and was paid $144,000 for work that cost $389,000. Plaintiffs' counsel asked Swanberg about the value and cost of the bridge and the use of ADS Marine resources in building the bridge. Plaintiffs' counsel further elicited testimony from Swanberg and Dubberly about a number of "side" or nonbusiness related jobs performed with ADS Marine and Marine Equipment resources at their direction or approval, including the cost and value of the work. In light of the foregoing, we conclude that plaintiffs presented evidence touching on all the elements of a breach of fiduciary duty on the part of Swanberg and Dubberly. "It is well settled that a claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach."[10]

Plaintiffs argue that any evidence they presented relevant to fiduciary duty was introduced for the purpose of showing that Swanberg and Dubberly had entered into the asset sale agreements with the intent to defraud, and that by presenting evidence on their fraud claims they did not agree to pursue Ansley's fiduciary duty claims in the arbitration.[11] Plaintiffs also point out that during the arbitration

and Swanberg then, for nominal consideration, transferred their interest in the light equipment to ADS Marine and their interest in the heavy equipment to Marine Equipment. The other 51 percent interest in the light equipment and heavy equipment was transferred by Ansley and AMC directly to ADS Marine and Marine Equipment for a nominal consideration.

[10] (Citation, punctuation and footnote omitted.) *Jonas v. Jonas*, 280 Ga. App. 155, 160 (3) (b) (633 SE2d 544) (2006).

[11] See generally *Investment Properties Co. v. Watson*, 278 Ga. App. 81, 87 (4) (a) (628 SE2d 155) (2006) ("a party does not impliedly consent to the trial of a new issue when the evidence that allegedly raised the new issue is also relevant to an issue made by the pleadings") (footnote omitted).

hearing, their counsel made a motion in limine which, although denied by the arbitrator on the grounds that the plaintiffs had "opened the door" to the issues, attempted to exclude the introduction of certain evidence by the defendants relevant to a breach of fiduciary duty. While these arguments might, in isolation, provide support for the conclusion that the plaintiffs did not agree to arbitrate the fiduciary duty claims, they are ultimately unpersuasive inasmuch as the plaintiffs also represented to the arbitrator that they were pursuing fiduciary duty claims in the arbitration.

Following the presentation of evidence, the arbitrator attempted to clarify whether it was the plaintiffs' position that breach of fiduciary duty issues were before the arbitrator. Plaintiffs' counsel agreed that plaintiffs were claiming a breach of fiduciary duty to the extent those claims arose from the sales contracts. The arbitrator then asked counsel to direct his attention in his post-trial brief to the kind of fiduciary duties that he was claiming in the arbitration and how the arbitrator could distinguish those breaches of fiduciary duty from those that arose independently of the contracts. These issues were not, however, addressed by the plaintiffs in their post-hearing brief. Thus, as the matter was left before the arbitrator, the plaintiffs had presented evidence on the elements of a breach of fiduciary duty by Swanberg and Dubberly, asserted that fiduciary duty claims were before the arbitrator, and then failed to provide the requested argument as to how these claims might be limited by the scope of arbitration.[12] The arbitrator then issued a nonreasoned award[13] providing, in part, that "[e]xcept to the extent otherwise granted in this Award, all fraud and contract Claims against any of the respondents for the sale of marine equipment *and claims otherwise presented in this arbitration* by the Claimants are denied."[14] Under the circumstances, we conclude that the parties at least implicitly, if not expressly, agreed to submit the fiduciary duty claims to arbitration, and that they were denied by the award. We agree with the trial court that to allow the plaintiffs to proceed with a trial would constitute an

[12] The arbitrator also directed that plaintiffs' counsel state in its post-trial brief what issues he deemed to be before the arbitration tribunal, and the brief did not include the fiduciary duty claims. However, the arbitrator informed the parties at the hearing that if the plaintiffs' counsel "decides that he didn't do very good on one of his claims, if he wants to put it off the table and not address it in his brief, that's without prejudice to [defendants'] right to say no, that was in the arbitration proceeding, he did present evidence on it, he did talk about it, and he can't withdraw it at this point." Defendants took the position that the fiduciary duty claims were before the arbitrator.

[13] In their post-trial brief the plaintiffs took the position that a reasoned award was unnecessary and not required by the applicable resolution procedures.

[14] (Emphasis supplied.)

impermissible second chance to prevail. It follows that the trial court did not err in dismissing the complaint.[15]

2. The plaintiffs also appeal from the trial court's orders denying their motion to vacate the arbitration award and entering judgment on the arbitrator's award.[16] Plaintiffs first argue that the trial court erred in refusing to vacate the award because the arbitrator manifestly disregarded the law. However, unless one of the statutory grounds for vacating an arbitration award applies, the trial court is bound to confirm the award.[17] The arbitrator's manifest disregard for the law is not a proper basis for the vacation of an arbitration award as it applies to this case,[18] because that ground is applicable only to civil actions filed after July 1, 2003, the effective date of OCGA § 9-9-13 (b) (5).[19] Accordingly, inasmuch as plaintiffs' motion to vacate was filed in a civil action commenced in 2002, the trial court correctly recognized that it could not vacate the award on the basis of plaintiffs' claim of the arbitrator's manifest disregard of the law. Plaintiffs point out that their demand for arbitration was made after July 1, 2003, but this is of no consequence because the legislature specifically chose to apply the amended law to "civil actions" filed after July 1, 2003.[20]

Plaintiffs also contend that the trial court overstepped its authority because breaches of fiduciary duty were outside the scope of the claims that the parties agreed to arbitrate.[21] The plaintiffs did not

---

[15] See *Witherington v. Adkins*, 271 Ga. App. 837, 844 (3) (610 SE2d 561) (2005) ("Since Witherington agreed to arbitrate the issues of fraud, defective construction, and incomplete construction, and the Witheringtons asserted the same claims in their lawsuit for damages, the trial court properly concluded that these claims were barred by the final and binding arbitration award") (footnote omitted).

[16] Defendants contend these orders are not subject to review because the orders were issued in 2004. See, e.g., OCGA § 9-9-13 (e) (orders issued under this section are final orders). However, the appeal of the order dismissing the complaint was a timely appeal from a final judgment "where the case is no longer pending in the court below." OCGA § 5-6-34 (a) (1). In that context, we must review all orders to the extent they may affect the proceedings below "without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere." OCGA § 5-6-34 (d). See *In the Interest of I. S.*, 278 Ga. 859, 860 (607 SE2d 546) (2005).

[17] *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996). See OCGA § 9-9-13 (b).

[18] See *Progressive Data Systems v. Jefferson Randolph Corp.*, 275 Ga. 420, 421 (568 SE2d 474) (2002) (in decision made before the addition of OCGA § 9-9-13 (b) (5) to the Code, the Supreme Court of Georgia concluded that inasmuch as the Code did not list "manifest disregard of the law" as a ground for vacating an arbitration award, it could not be used as an additional ground for vacatur).

[19] See *Brown v. Premiere Designs*, 266 Ga. App. 432, 433, n. 6 (597 SE2d 466) (2004).

[20] Ga. L. 2003, p. 820, § 9. Compare *Humar Properties v. Prior Tire Enterprises*, 270 Ga. App. 306, 307 (605 SE2d 926) (2004) (this court assumed, without deciding, that filing of application to vacate arbitration award as separate civil action made "manifest disregard" applicable).

[21] See *Witherington*, supra at 842 (1) (party is not required to arbitrate dispute he has not agreed to submit to arbitration).

make this argument to the trial court, and it is waived for purposes of appeal.[22] But even if the argument were not waived, the arbitrator does not overstep his authority if he addresses an issue that is properly before him and, as we concluded in Division 1, supra, the fiduciary duty claims were properly before the arbitrator.[23]

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 19, 2008 —
RECONSIDERATION DENIED MARCH 20, 2008 —

*Jones, Osteen, Jones & Arnold, G. Brinson Williams, Jr., William G. Maston,* for appellants.

*Weiner, Shearouse, Weitz, Greenberg & Shawe, Malcolm Mackenzie III, Anthony R. Casella,* for appellees.

---

[22] *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance,* 285 Ga. App. 826, 828 (2) (a) (648 SE2d 156) (2007) ("[a]n argument not raised in the trial court is waived and cannot be raised for the first time on appeal") (footnote omitted).

[23] See OCGA § 9-9-13 (b) (3); *U. S. Intermodal &c. v. Ga. Pacific Corp.,* 267 Ga. App. 832, 833 (600 SE2d 800) (2004) ("overstepping" ground does not apply where an issue is properly raised before the arbitrator).