[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17470
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00720-WBH


BRANCH BANKING & TRUST COMPANY,

Plaintiff-Appellee,

versus

CAMCO MANAGEMENT, LLC,
JEFFREY A. COHEN,
LORI E. COHEN,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 21, 2017)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Camco Management, LLC ("Camco"), Jeffrey Cohen, and Lori Cohen (collectively, "Appellants") appeal from the district court's denial of a motion to dismiss and grant of summary judgment in favor of the Branch Banking & Trust Company ("BB&T") on BB&T's claims for breach of contract and attorneys' fees. BB&T's claims stem from Camco's default on a promissory note secured by a shopping center and the Cohens' default on their personal guaranty agreements guaranteeing payment of the promissory note. On appeal, the Appellants argue that the district court erred by: (1) denying their motion to dismiss BB&T's claim for attorneys' fees under O.C.G.A. § 13-1-11; (2) granting summary judgment on the breach of contract claims; (3) considering a supplemental affidavit filed by BB&T after it had filed its motion for summary judgment; and (4) failing to examine the reasonableness of the award of attorneys' fees under O.C.G.A. § 13-1-11(b). After careful review, we affirm.

We review a district court's denial of a motion to dismiss de novo, applying the same standard as the district court. Estate of Gilliam ex rel. Waldroup v. City of Prattville, 639 F.3d 1041, 1044 (11th Cir. 2011). We also review a district court's order granting summary judgment de novo, applying the same standard as the district court. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1236

2

(11th Cir. 2003). We view the material presented and draw all factual inferences in the light most favorable to the nonmoving party. Brooks v. Cnty. Comm'n of Jefferson Cnty., Ala., 446 F.3d 1160, 1161–62 (11th Cir. 2006). Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A mere scintilla of evidence supporting the nonmoving party's position will not suffice." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (alteration adopted) (quotations omitted). We review a district court's evidentiary rulings at the summary judgment stage only for abuse of discretion. Wright v. Farouk Sys., Inc., 701 F.3d 907, 910 (11th Cir. 2012).

The Appellants argue that the district court should have dismissed BB&T's claim for attorneys' fees because BB&T sought an amount of fees based on the percentages in O.C.G.A. § 13-1-11(a)(2), and not the amount of fees "actually incurred," as provided in the note and guaranties. We disagree. The statute provides that "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity . . . ." O.C.G.A. § 13-1-11(a). It further provides methods for calculating the amount of fees, id. § 13-1-11(a)(1)-(2), and requires that the holder of the note meet certain notice requirements and give the debtor an

3

opportunity to pay the principal and interest without attorney's fees, id. § 13-1-11(a)(3).    The Georgia Supreme Court has recognized that a trial court lacks discretion to deny fees under § 13-1-11 when:

> (1) the note's terms include an obligation to pay attorney fees; (2) the debt owed under the note has matured; (3) notice was given to the debtor informing him that if he pays the debt within ten days of the notice's receipt, he may avoid attorney fees; (4) the ten day period has expired without payment of the principal and interest in full; and (5) the debt is collected by or through an attorney.

TermNet Merch. Servs., Inc. v. Phillips, 588 S.E.2d 745, 747 (Ga. 2003).    The Appellants do not argue that these statutory conditions were not satisfied or were inadequately pled.    Even assuming BB&T was entitled to the amount of attorneys' fees "actually incurred," and not an amount calculated under § 13-1-11(a)(2), it was nevertheless entitled to fees under the statute.    Accordingly, the district court did not err in denying the motion to dismiss this claim.

We are also unpersuaded by the Appellants' argument that genuine issues of material fact exist concerning their default and the amount of damages.    As for the issue of default, the undisputed evidence shows that the Appellants signed two forbearance agreements, in which they acknowledged the default of the promissory note.    During his deposition, Jeffrey Cohen admitted that he signed the loan documents and did not pay the remaining amount of indebtedness when the term for the second forbearance agreement ended.    The Appellants note, however, that BB&T's High Risk Reports that were made after the second forbearance term

4

ended documented that the loan continued to be paid according to contractual terms. They argue that this statement creates a genuine dispute as to whether they defaulted on the loan at the end of the second forbearance term. But Steven Paulk, a vice president and problem loan administrator for BB&T, explained in his deposition -- sealed in the district court -- why the High Risk Reports included those notations. The Appellants did not provide any evidence to dispute Paulk's explanation for the notations in the reports. On this undisputed record, the notations alone were not "sufficient evidence favoring the [Appellants] for a reasonable jury to return a verdict in [their] favor." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (citation omitted).

As for the amount of loss, Paulk's initial declaration provided the principal balance of the loan, the accrued interest, and the per diem interest after the date of the calculation. BB&T provided the Loan History upon which the loss calculation was based and a copy of the loss calculation. Paulk and Carol Webb, who helped prepare the loss calculation, testified in depositions about how the loss amount was calculated. The Appellants point out that the Loan History contained inaccuracies, Webb made errors in her initial calculation of the loss, and the Loan History was inconsistent with the High Risk Reports. However, Paulk and Webb explained in their sealed depositions that the inaccuracies were corrected, and provided a likely explanation for the inconsistencies with the High Risk Reports. The Appellants

5

did not produce evidence to contradict these explanations, and, again, the errors in the source material were insufficient to create a genuine factual dispute. Id.

The Appellants next claim that BB&T did not produce sufficient evidence to demonstrate the interest rates applicable to the loan. However, Paulk's declaration and the loss calculation contained the interest rates, and Webb testified at her deposition that she verified the appropriate interest rates. The Appellants did not provide contradictory evidence regarding the interest rates, and BB&T's undisputed evidence was more than sufficient. See Hutcherson v. Progressive Corp., 984 F.2d 1152, 1155 (11th Cir.1993) (stating, in the context of a damages issue, that state law "provides the controlling substantive law" but "federal law governs the sufficiency of the evidence necessary to preclude a grant of summary judgment"). The Appellants also argue that the district court could not rely on BB&T's loss calculation because it was hearsay created in anticipation of litigation. Even assuming that the calculation was inadmissible hearsay, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." Macuba v. Deboer, 193 F.3d 1316, 1322 (11th Cir. 1999) (internal quotation marks omitted). Paulk and Webb could have testified regarding the calculation at trial, and there is no dispute that the loan documents supporting the loss calculation would be admissible at trial.

6

We likewise reject the Appellants' argument that the district court impermissibly weighed evidence in granting BB&T's motion for summary judgment. BB&T proffered evidence that demonstrated the Appellants' default and the amount of damages. It was the Appellants' responsibility then to present evidence of a genuine issue of material fact, which would have precluded summary judgment. Chapman, 229 F.3d at 1023. The Appellants did not satisfy that burden, and the district court properly granted summary judgment.

The district court also did not abuse its discretion by considering a second declaration by Paulk that BB&T filed when it filed its reply in support of its summary judgment motion. Wright, 701 F.3d at 910. In its motion for summary judgment, BB&T explained that, if the shopping center was sold prior to entry of judgment, it would submit a supplemental affidavit to explain how the net sale proceeds applied to the Appellants' indebtedness. After the sale of the shopping center, the Appellants filed the settlement statement from the sale of the property. That same day, BB&T filed its reply in support of the summary judgment motion and the second Paulk declaration, which explained how BB&T credited the net sale proceeds against the Appellants' indebtedness. Rule 6(c) of the Federal Rules of Civil Procedure provides that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). The purpose of this rule is to give the opposing party sufficient time to respond to the affidavits and avoid any undue

7

prejudice.   Here, however, the Appellants were not prejudiced by the filing of Paulk's second declaration, since they were aware that an affidavit would be filed when the shopping center was sold, and they also provided evidence of the sale. The Appellants argue that the second declaration included evidence beyond the limited purpose of determining the effect of the sale on their indebtedness, but the district court explained that it limited its reliance on the second declaration to that limited purpose, and did not abuse its discretion in doing so.

Finally, reversal and remand for a reasonableness determination on the award of attorneys' fees is not warranted.   O.C.G.A. § 13-1-11(b) provides that a debtor may challenge as unreasonable an award of attorneys' fees exceeding $20,000.  However, that provision was added in the 2012 amendment to the statute, and the Georgia Supreme Court has recognized that it does not apply to contracts, like the instant note and guaranties, that were dated prior to July 1, 2011.  Austin v. Bank of Am., N.A., 743 S.E.2d 399, 404 n.2 (Ga. 2013).   Thus, the Appellants were not entitled to the requested reasonableness determination.   Although the district court said in its summary judgment order that the Appellants' motion for a reasonableness determination was premature and did not address the retroactivity of § 13-1-11(b), we may affirm for any reason supported by the record, even if not relied upon by the district court.  United States v. Al Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

**AFFIRMED.**